## HELEN IVERSON v. PAT REGOLA.
## JOSEPH M. IVERSON v. PAT REGOLA.[1]

January 23, 1925.

Nos. 24,368, 24,369.

**Verdicts not excessive.**

> The verdict is not so excessive as to bring it within the rule which permits this court to interfere.

Two actions in the district court for Hennepin county, one by the wife to recover $5,100 for injuries to her person and property, and the other by her husband to recover $3,000 for medical and surgical expenses incurred in her treatment. The cases were tried together before Molyneaux, J., and a jury which returned verdicts in favor of the wife for $3,000 and $500 in favor of the husband. From orders denying his motions for a new trial, defendant appealed. Affirmed.

*Cobb, Wheelwright, Hoke & Benson* and *Tracy J. Peycke,* for appellant.

*John D. Greathouse,* for respondents.

TAYLOR, C.

These two actions grew out of an automobile collision and were tried together. Plaintiff Helen Iverson recovered a verdict of $3,000 for the injuries she had sustained; and her husband, the plaintiff Joseph M. Iverson, recovered a verdict of $500 for the special damages resulting to him in consequence of the injuries to his wife and for damages to his automobile. Defendant appealed in each case from an order denying a new trial.

[1]Reported in 202 N. W. 27.

The only claim presented is that the verdicts are excessive. Plaintiff Helen Iverson was thrown from the automobile to the pavement by the collision, and was still dazed when she arrived at the hospital. The visible injuries were not serious and soon healed. But she claims that ever since the accident she has been afflicted with headaches, dizzy spells, pains in the lower part of her back, and numbness in one leg. She lost considerable weight following the accident. Her attending physician stated that she had a distressed look and was unable to concentrate her mind so as to give complete answers to questions, and that certain reflexes were hypersensitive, indicating injury to certain nerve centers. He gave as his opinion that her condition was due to a shock to the brain and spinal cord, saying that such a condition was common after such accidents, but usually was not of long duration. Plaintiff called two other physicians. One said that the reflexes were a fairly definite sign of an injury to the spinal cord, that in his opinion her condition would continue for at least a year or two, and that sometimes a person never recovered from such a shock. The other gave as his opinion that she was suffering from traumatic nervousness, the effect of a concussive shock to the brain and circulation, from which she would recover in six months or a year, but would not be able to stand excitement or strain as before. The physicians found no organic injury and attributed her condition to an irritation of the nerve centers caused by the shock.

Defendant invokes the rule that large verdicts cannot be sustained where the claim of injury is based on subjective symptoms, the existence of which is shown only by the testimony of the person injured. But here the proof of the existence of the injury does not rest wholly upon the testimony of the plaintiff. The physicians satisfied themselves, by their own examination, that the nerve centers were in a state of irritation, and say, in substance, that the conditions claimed to exist are a natural consequence of such irritation. They do not consider these conditions permanent, but one of them states that in his opinion they will continue for at least a year or two.

The questions presented were for the jury to solve. The trial court has approved their verdict, and we cannot say that it is so excessive as to bring it within the rule which permits this court to interfere.

It is not seriously urged that the verdict for plaintiff Joseph M. Iverson is excessive.

The orders are affirmed.