WANDA JANKOWSKI v. J. W. CLAUSEN.[1]

June 4, 1926.

No. 25,286.

**Ruling on evidence not prejudicial.**
1. When about to board a street car plaintiff was struck and injured by defendant's automobile. At the trial the record showing that defendant had entered a plea of guilty to the charge of violating the motor vehicle law was received in evidence. His explanation that he entered the plea to save the trouble and expense which would result from repeated continuances was excluded, but he was permitted to go fully into all matters relating to the accident or tending to refute the charge of negligence. *Held* that no substantial prejudice resulted from the ruling.

**Not error to refuse to give instruction to jury.**
2. The refusal to instruct that the jury could assume from the failure of plaintiff to call as a witness a physician who had attended her for a time that his testimony would be unfavorable was not error, as it does not appear that there were any controverted facts of which he had knowledge.

[1]Reported in 209 N. W. 317.

**Party who cross-examines witness on his written statement cannot complain when the other side discloses that insurance agent procured it.**
    3. Where defendant cross-examined a witness upon a written statement which he had made, it was not improper for plaintiff to show in whose behalf the one who procured the statement was acting.

**Verdict not excessive.**
    4. The claim of present disability does not rest wholly on plaintiff's testimony, and we cannot say that the verdict is excessive within the rule which permits this court to interfere.

    Appeal and Error, 4 C. J. p. 1004 n. 63.
    Damages, 17 C. J. p. 1091 n. 85.
    Evidence, 22 C. J. p. 330 n. 74; p. 423 n. 19.
    Trial, 38 Cyc. p. 1744 n. 29.
    Witnesses, 40 Cyc. p. 2522 n. 12; p. 2529 n. 38; p. 2755 n. 57.

    See note in 31 A. L. R. 278.
    See note in L. R. A. 1915F, 30; 8 R. C. L. p. 673; 2 R. C. L. Supp. p. 638; 4 R. C. L. Supp. p. 567; 5 R. C. L. Supp. p. 480.

Action in the district court for Ramsey county to recover for personal injuries. The case was tried before Bechhoefer, J., and a jury which returned a verdict in favor of plaintiff. Defendant appealed from an order denying his motion for a new trial. Affirmed.

    *Orr, Stark & Kidder* and *C. J. Iverson*, for appellant.
    *Oppenheimer, Dickson, Hodgson, Brown & Donnelly* and *Warren Newcome*, for respondent.

TAYLOR, C.

Plaintiff, while about to enter a street car, was struck and injured by defendant's automobile, driven by himself, and recovered a verdict of $3,200. Defendant appealed from an order denying a new trial.

The happening of the accident was admitted but defendant denied negligence on his part and alleged contributory negligence on the part of plaintiff. That the evidence was sufficient to carry these issues to the jury is not questioned and we pass them without further comment.

The accident happened on the evening of November 14, 1924, at the intersection of Grand avenue and Dale street in the city of St. Paul. Grand avenue runs east and west and Dale street north and south. Double street-car tracks extend along Grand avenue and also along Dale street from the northerly part of the city to Grand avenue where they connect with the Grand avenue line. Plaintiff came to this intersection on a Dale street car and alighted to take a Grand avenue car going west. She waited at the northeast corner of the intersection. When the car came, it stopped at this corner to turn the switch which was set for the Dale street track. She started toward the car. A policeman and two young men were standing on the corner talking. One of them called to her that the car did not take passengers there but on the other side of Dale street. She turned and hurried across the street to the place for receiving passengers and turned facing the gates as the car stopped. Defendant was driving along Grand avenue in the same direction as the street car and attempted to pass it as it stopped for passengers. The bumper of his car struck plaintiff's legs and she fell backward between the left fender and the hood of the car, her head striking the hood with sufficient force to make a dent in it. She was taken unconscious into an apartment at the corner and shortly afterwards was taken to the Ancker hospital in the police ambulance which the policeman had called. He arrested defendant. Defendant appeared in the police court the next morning and entered a plea of not guilty to the charge of violating the motor vehicle law by failing to stop 10 feet behind a street car that had stopped to receive passengers. The case was continued to November 26, 1924. On that date defendant appeared and changed his plea of not guilty to a plea of guilty, and was thereafter sentenced to pay a fine.

The record of this conviction on defendant's plea of guilty was put in evidence by plaintiff. When a witness in his own behalf defendant admitted changing his plea from not guilty to guilty and was then asked why he did so. An objection to this question was sustained. He then offered to show that he was advised by his attorney that if he insisted upon a trial the case would be con-

tinued from time to time, and that he entered the plea of guilty to save time and expense and not because he was in fact guilty. The objection to this offer was sustained, apparently because the court deemed it to be in effect an attempt to impeach the record, although defendant disclaimed any such purpose. This ruling is urged as error.

The record of the plea of guilty was correctly received in evidence as an admission. Wischstadt v. Wischstadt, 47 Minn. 358, 50 N. W. 225; Klein v. Pasch, 153 Minn. 291, 190 N. W. 338. Also cases cited in note in 31 A. L. R. p. 278. But although such admissions, from the formal, solemn and deliberate manner in which they are made, may carry more weight than other admissions, they are not conclusive; and defendant had the right to show, if he could, that he had not violated the law and to explain the inducements which led him to enter the plea. The authorities are collected in a note in 31 A. L. R. p. 281; also in Ann. Cas. 1917E, 1109. However no claim was made that this admission was other than a mere item of evidence, and defendant and his witnesses were permitted to and did give the full details of the manner in which they claimed that the accident happened. The controversy was not concerning the plea but concerning what took place at the time of the accident, and defendant was permitted to go into those matters as fully as he desired. The record does not disclose any reference to the matter of the plea after the above ruling. Some cases hold that while the defendant may controvert the facts admitted by such a plea, he cannot give the reasons for entering it. Some cases hold that where he is permitted to go fully into the facts in the civil action, excluding his reasons for entering the plea is not prejudicial error. Here defendant's negligence was so conclusively established by other evidence that, in view of the unrestricted manner in which he was permitted to show all facts relating to the accident, it cannot be said that the ruling resulted in any substantial prejudice to him. Satham v. Muffle, 23 N. D. 63, 135 N. W. 797.

The accident occurred Friday night. Plaintiff was taken to the Ancker hospital where she remained until the following Sunday

and was then removed to the Bethesda hospital where she remained about two weeks and was then removed to her home. She was treated by Dr. Gratzek while at the Bethesda hospital and for some weeks after her return home. Thereafter she was treated by Dr. Williams. She called Dr. Williams as a witness but did not call Dr. Gratzek. Based upon her failure to call Dr. Gratzek, defendant asked for an instruction to the effect that where a party fails to produce a witness presumably available and presumably friendly to such party and who, the evidence indicates, has knowledge of material facts, the jury has the right to assume from the failure to call him that the testimony of such witness would be unfavorable. The refusal to give this request is urged as error. Granting that the defendant would be entitled to such an instruction under some circumstances, we think the facts in this case were not such that the court was required to give it.

Nothing whatever is shown concerning Dr. Gratzek's treatment—merely the fact that he treated plaintiff for a time. Her external injuries were not serious, were soon healed and there was no controversy concerning them. The question at the trial was to determine the seriousness and probable duration of the nervous and mental disturbances resulting from the accident. Plaintiff called two doctors; defendant called three. In marked contrast to what is sometimes the case, the experts agreed in all substantial respects. There is practically no dispute concerning the cause, character or extent of the disability from which plaintiff is suffering. It does not appear that Dr. Gratzek had knowledge of any material facts bearing upon the question before the court not known to the other doctors, and there were no controverted questions which his testimony might have aided in solving.

We find no error in the fact that the court gave to the jury the statutory rules regulating the operation of motor vehicles on the public highways nor in the rulings admitting testimony.

In cross-examining one of plaintiff's witnesses, defendant brought out the fact that the witness had made a written statement to one Thies and questioned him concerning matters in that statement. On redirect plaintiff asked: "Who is Mr. Thies?" To which the

witness answered: "He is the insurance man." Defendant urges that plaintiff was guilty of misconduct in bringing out a fact from which the jury could infer that defendant was protected by insurance. We think defendant opened the door for this question. Having cross-examined upon a written statement obtained from the witness, he cannot well complain because the other side disclosed in whose interest it was obtained.

Defendant earnestly contends that the verdict is excessive, and invokes the rule that large verdicts cannot be sustained where they rest wholly upon subjective symptoms the existence of which is established only by the testimony of the person affected. Johnson v. G. N. Ry. Co. 107 Minn. 285, 119 N. W. 1061; Haugen v. N. P. Ry. Co. 132 Minn. 54, 155 N. W. 1058; Lowe v. Armour Pack. Co. 148 Minn. 464, 182 N. W. 610; Levan v. C. R. I. & P. Ry. Co. 158 Minn. 69, 196 N. W. 673.

The plaintiff complained of loss of strength and of all sorts of pains. She was somewhat anemic. The doctors agree that she is not now suffering from any bodily injury nor from any real injury to the nerves or nerve centers. Dr. Hammes, an expert called by plaintiff, said that she evidently had a concussion of the brain at the time of the accident and that she is now suffering from "the nervous symptoms which develop and continue after a person has had a severe nervous shock," and that the pain and suffering of which she complains is real to her although there is no change in the nervous system itself to account for it. Dr. Sweeney, an expert called by defendant, said:

"My opinion is that she is a girl of hysterical temperament who has suffered from a nervous condition probably due to fright following the accident; not due to the injury itself, but due to the fright and the shock of the accident. * * * I think that her mind is concentrated upon herself, that she unconsciously exaggerates her pain, because her mind dwells upon it."

The doctors agree that she is honest in her claims and is in fact ill and at present disabled, but that her illness is not caused by any actual injury received in the accident but by the mental condi-

tion resulting from it. They also agree that she will eventually recover, and that she will improve rapidly as soon as she becomes interested in other matters and ceases to think continually of her ailments, but do not venture an opinion as to how long her disability will continue further than to say for some months. The case does not rest wholly nor perhaps mainly upon her own testimony. Iverson v. Regola, 161 Minn. 487, 202 N. W. 27; Unmacht v. Whitney, 146 Minn. 327, 178 N. W. 886.

Plaintiff had always been in good health prior to the accident and was earning $18 per week. Since leaving the hospital she has been confined to the house unable to do any work and is still under the care of a physician. Her expenses have been considerable. The case was fairly tried without any attempt to exaggerate her condition or disabilities and we find no sufficient reason for disturbing the award made by the jury.

Order affirmed.