GOLDIE KUBICEK, APPELLANT, v. WILLIAM SLEZAK, APPELLEE.

FILED APRIL 3, 1930. No. 27080.

*Bartos & Placek*, for appellant.

*Waring & Waring, contra.*

HEARD before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and MESSMORE, District Judge.

ROSE, J.

This is an action to recover damages in the sum of $50,000 for assault with intent to commit rape. The answer to the petition was a general denial. Upon a trial of the issues the jury rendered a verdict in favor of defendant. From a judgment dismissing the action plaintiff appealed.

One of the assignments of error challenges a ruling that prevented the mother of plaintiff from testifying to the appearance of plaintiff immediately after the assault as the former described it on the witness-stand.

At the time of the felonious assault pleaded in the petition, plaintiff was a female child about 9 years of age and defendant was a boy of 18. The father of plaintiff and the father of defendant were neighboring farmers and were jointly interested in threshing grain. They were thus engaged on the latter's farm July 14, 1927. On the morning of that day plaintiff and her mother were at the home of defendant's parents, where the mother and other women were cooking for threshers. Defendant was at work hauling wheat and scooping it into a granary a short distance from his father's house. While at the granary defendant called to some one at the house for a broom. Plaintiff carried it to him. Shortly afterward her mother left the house, emptied some tin cans into a spring wagon used for removing garbage, and before returning to the house went to the granary. She testified on the witness-stand to what followed, saying, among other things, she heard a cry, looked through a door in the granary, saw defendant in an attempt to commit rape upon plaintiff, and called defendant's mother and told her of the offense. Later, in the direct examination of plaintiff's mother as a witness, she was asked, referring to her little daughter immediately after the assault:

"How did she appear to you as you observed her as to being scared or otherwise?"

The trial court sustained an objection to the question as calling for a conclusion; "incompetent, irrelevant, and immaterial." Plaintiff excepted and offered to prove that, at the time, plaintiff appeared to be scared. A similar objection to the offer was sustained by the trial court.

The exclusion of this testimony is properly presented for review. Error in the rulings is obvious. The appearance of plaintiff immediately after the felonious assault to which the witness testified was material to plaintiff's case. That plaintiff appeared to be seized by fear as an instantaneous result of the violence described by the witness was evidence tending to prove both assault and resulting injury. Fear may be apparent on the face of an outraged female child. If it was reflected by distorted features, that fact was part of plaintiff's case. Shock produced by a revolting crime against sex may injure both mind and body. The fear of imminent ravishment may be far-reaching in its effect. It has been known to produce permanent insanity. The evidence rejected was the best obtainable under the circumstances. Generally such testimony comes from nonprofessional and nonexpert witnesses. The mother of plaintiff was competent to testify to facial appearance as well as to outcry. If she told the truth, she saw her infant daughter, when crying, about to be violently ravished. Courts usually admit testimony like that excluded. The reasons for its admissibility have been judicially explained time and again. In *Struble v. Village of DeWitt,* 89 Neb. 726, it was held:

"Nonexpert witnesses are competent to testify as to circumstances and conditions that any person of ordinary intelligence might observe, and such witnesses may testify whether a person who has been injured, and with whom they were familiar, appeared to be suffering pain, the appearance of her injury, and similar matters observed by them tending to show the nature and extent of the injury."

In *McKennan v. Omaha & C. B. Street R. Co.,* 97 Neb. 281, 285, the court said:

"The first point urged is that the court erred in permitting nonexpert witnesses to testify to their conclusion or

opinion that McKennan was sick and hurt and suffered pain. It is said that this invaded the province of the jury. We think there is no merit in this contention. In 2 Jones, Commentaries on Law of Evidence, sec. 366, it is said, quoting from a New Hampshire case (*Hardy v. Merrill,* 56 N. H. 227) : ' "But without reference to any recognized rule or principle, all concede the admissibility of the opinions of nonprofessional men upon a great variety of unscientific questions arising every day and in every judicial inquiry. These are questions of identity, handwriting, quantity, value, weight, measure, time, distance, velocity, form, size, age, strength, heat, cold, sickness and health, questions also concerning various mental and moral aspects of humanity, such as disposition and temper, anger, fear, excitement, intoxication, veracity, general character and particular phases of character, and other conditions and things, both moral and physical, too numerous to mention." Admittedly difficult as the task of framing a rule on the subject is, Foster, Chief Justice, in the New Hampshire case referred to, formulated a rule, which, if properly applied, will serve as a useful instruction. Opinions of witnesses derived from observation are admissible in evidence when, from the nature of the subject under investigation, no better evidence can be obtained.' See, also, 3 Wigmore, Evidence, sec. 1974; *Hewitt v. Eisenbart,* 36 Neb. 794; *Western Travelers Accident Ass'n v. Munson,* 73 Neb. 858."

"Fear" is enumerated as one of the subjects to which the rule of evidence applies. The principle generally recognized has been stated in the following language:

"When the circumstances are such that all the facts cannot be placed before the jury with such clearness as to enable them to draw a correct inference, and the province of the jury is not invaded, and the inference is not one for the drawing of which special skill, knowledge, and experience are required, an ordinary observer who has had suitable opportunity for observation may state the apparent physical condition of another person, or testify as to what are more distinctly inferences from animate bodily phenomena." 22 C. J. 618, sec. 711.

Error, therefore, is apparent on the face of the record. That the rulings reviewed were harmless is not a sufficient answer to the assignment of error considered. The circumstances disclosed by the entire record do not seem to justify a finding that the trial below did not result in a miscarriage of justice.

For the errors pointed out, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.