BERTHA THOMAS, APPELLEE, V. ALBERT HASPEL, APPELLANT.

FILED FEBRUARY 27, 1934. No. 28790.

*E. H. Evans, J. T. Keefe* and *Urban Simon,* for appellant.

*Halligan, Beatty & Halligan* and *Milton C. Murphy,* contra.

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CHASE and ELDRED, District Judges.

ELDRED, District Judge.

Action to recover for injuries sustained by plaintiff, Bertha Thomas, due to the alleged negligence of the defendant, Albert Haspel, in the operation of his automobile. There was a verdict for plaintiff for $3,000. Motion for a new trial was overruled, and judgment entered on verdict. Defendant appeals.

Error is assigned in permitting appellee to amend her petition during trial to conform to the proof. The al-

legations of the petition, as originally filed, with reference to injuries, were: "That she sustained an incised wound over the left eye, several inches in length, that her nose was broken, that she suffered a cut through her lower lip, received a severe injury to the back of her neck and to her right shoulder and suffered a broken left hand, * * * that she suffered an attack of traumatic neurosis." During the trial, and after appellee had rested her case, she asked permission to amend her petition by adding thereto the following: "Plaintiff further alleges and says that she suffered a permanent, lasting and severe injury to her lower back and hip which has resulted in her having a condition known as traumatic arthritis."

The plaintiff, appellee, testified fully as to her injuries, including injuries to her back, hip and spine, and no objection was made thereto by appellant. It was not until during the examination of Dr. Willis, called as a witness by appellee, that the appellant first objected and raised the question that "evidence as to injuries to the back is not within the issues made by the pleadings." The presiding judge, when amendment was requested, announced that he would refrain from ruling thereon at that time, and wait until further along in the case to see to what extent the defendant has been permitted to meet the issues raised relative to the injuries to the back. The court, at the same time, ordered "that the plaintiff (appellee) submit to a further physical examination, not only as to the back, but any other examination of her injured parts." A recess was thereupon taken for several hours and appellee submitted herself to an X-ray examination by doctors selected by appellant. On behalf of appellant the doctors making the X-ray examination were called and testified, and it appears from the record that two of said doctors in April, 1932, after the commencement of suit, at procurement of the appellant, and consent of attorney for appellee, examined appellee as to the injuries to her back. They were given full and free opportunity to make such examination by appellee, and in their opin-

ion she was suffering from injuries thereto at that time. The trial was in December, 1932.

After appellant had offered his evidence and rested, he moved for an order that he be permitted to have a further X-ray examination made of appellee. The court, in ruling on this request, announced: "The record discloses that the defendant made an examination of the plaintiff some time last April, which was at that time performed through the doctors that were sent for the examination by the defendant. There being some kind of complaint about the back being injured during the trial, the court has taken a recess of four or five hours, and the plaintiff has submitted herself to X-ray examination. Under the condition of the record, * * * the motion for any further continuance is overruled."

Rebuttal evidence having been offered and both parties having rested, the court announced: "In view of the facts shown in the record relative to the doctors acting on behalf of the defendant having been notified of the claim of the plaintiff that she had suffered an injury to her back at the time of their examination in April, of 1932, and in view of the opportunity that has been given during the trial to the defendant to make X-ray plates of the lumbar region of the plaintiff's back and spine, the evidence as given relative to any injuries thereto, and in view of the fact that the petition as it was originally drawn having made a claim for damages on account of traumatic neurosis that might arise from injuries to various portions of the body, the request of the plaintiff to amend her petition, heretofore made, * * * is allowed."

It seems, under the allegations of the petition before amendment, that, as a result of the injuries pleaded, the plaintiff "suffered an attack of traumatic neurosis," evidence of that condition in any portion of the body might have been admissible, and an amendment may not have been necessary for that purpose. However, the permitting of the amendment was well within the limits of judicial discretion and in furtherance of justice. The

court cautiously refrained from granting the request until it appeared that appellant would not be prejudiced thereby. The ruling not appearing prejudicial to the rights of the appellant was not erroneous.

Our Code provides that the court may, either before or after judgment, in furtherance of justice, permit an amendment to any pleading correcting a mistake in any respect, or by asserting allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleading to the facts proved. Comp. St. 1929, sec. 20-852.

' The granting of permission to amend a pleading during trial to conform to the proof is a matter within the sound judicial discretion of the trial court, and unless it clearly appears from the record that there was an abuse of discretion, and a party has thus been deprived of the opportunity to make his case or defense and thereby damaged, this court will not, on appeal, interfere with such ruling. *Blakeslee v. Van der Slice,* 94 Neb. 153; *Miller Rubber Products Co. v. Anderson,* 123 Neb. 247; *Omaha & R. V. R. Co. v. Moschel,* 38 Neb. 281.

Complaint is made that the trial court erred in failing to instruct jury on theory of unavoidable accident. No instruction to that effect was requested. The court fully and correctly instructed the jury as to the issues, the burden of proof on plaintiff, and that if not satisfied by a preponderance of the evidence of negligence on the part of defendant, as a proximate cause of injury, plaintiff could not recover; or if evidence evenly balanced, or preponderated in favor of defendant, then verdict should be for the defendant. Also the rule governing contributory and comparative negligence was correctly stated to the jury. This was sufficient as to that phase of the case. If further instruction as to mere accident or unavoidable accident was desired, they should have been requested.

Complaint is also made of failure of court to give instruction No. 3, requested by defendant, "That the mere skidding of an automobile is not an occurrence of such

uncommon or unusual character that, unexplained, it can be said to furnish evidence of negligence in the operation of a car;" and further, "If you find that the defendant skidded in this case without any other act of negligence on his part, then your verdict will be for the defendant." Skidding of automobile was not an element of negligence charged in the petition; but the skidding of an automobile would be a circumstance which might be considered by the jury along with all the other circumstances disclosed by the evidence in determining whether the defendant was guilty of negligence in the particulars charged. By special reference to such testimony it would have been given undue prominence. It was for the jury to say what weight should be given to the circumstance of skidding when considered with all the other facts and circumstances shown by the evidence bearing upon the question of negligence.

Complaint is made of the refusal of the trial court to strike out all of the evidence relating to neurosis, for the alleged reason that no competent evidence was offered tending to prove the same. No reference is made to the pages of the bill of exceptions where the evidence complained of will be found. Some evidence that might bear on that subject was given by a doctor called as a witness by the appellee; also by doctors who testified on behalf of appellant. Why their evidence was not competent is not pointed out. Several nonexpert witnesses were also called by the appellee and testified as to the general physical condition of appellee; her suffering pain and her nervous condition. Much of this testimony, if not all, was competent. *Struble v. Village of DeWitt,* 89 Neb. 726; *Kubicek v. Slezak,* 119 Neb. 542. If some specific portion of the evidence was objectionable, particular attention of the trial court and this court should have been directed thereto.

Insufficiency of the evidence to sustain verdict is urged. On November 26, 1931, appellee, Bertha Thomas, while driving east on Lincoln highway, at a point between Max-

well and Brady, had some difficulty in the handling of her car, which resulted in getting her car into the ditch on the north side of the grade. One King, driving west, whom appellee had just met, observing appellee's accident, backed his car up and stopped it on the north edge of pavement, headed west, nearly due south of appellee's car. Jerry Snyder, also traveling west, drove up. at about the same time and also stopped his car on north edge of pavement, about fifteen feet to the rear of the King car. Mr. King got out of his car and the appellee got out of her car and, coming onto the grade, was talking to King about where she could get help to get her car out of the ditch. She had been in no manner injured up to that time. She and King were standing between the King car and the Jerry Snyder car; appellee to the south of King was facing in a northerly direction standing directly back of the left fender of the King car, about a foot north of the south side of the car. About that time another car came up from the east, driven by one R. G. Snyder. He testified that, as he drove up, the car in the ditch was headed toward the grade, the back end down in the ditch, just about between the two cars that were up on the paving; observed a man and woman there, behind the west car; further stated, "Well, I was coasting to a stop there, and about the time I had got even with the east car, another car appeared from the east coming quite rapidly, and about the time, or a little before, he got to where I was, he just kind of headed toward me and I whipped into the shoulder to get in the clear all I could. * * * It whipped back the other way, and by that time it was by me and I heard this crash then." As witness passed, appellee was standing a foot or two north of the south side of the King car. Appellee testified, as she stood there talking to King she heard no horn sounded or signal of any kind of approaching car; that she was hit from the back some way and knocked down. King testified Mrs. Thomas was standing right behind his (King's) car; to the north of the south side of the car; the car

came from the east, hit her and knocked her down. Swiped alongside of his car and jimmied the hub on left rear wheel, and on spare wheel on running board; rear fender was bent in and broken to the body; jimmied the running board. It was Haspel's (appellant's) car that struck the plaintiff. Haspel's car ran 150 feet after it struck King's car. Haspel told witness, in order to keep from hitting another car head-on, he had to turn in that direction. He did not see the other car coming until he turned around these cars. Witness saw car from the east that went by at that time.

, Appellant in his own behalf testified: Saw the cars stopped about a quarter of a mile down the road; slowed down and came to a stop behind Mr. Snyder's car. There was one truck and three cars coming from the east and I was compelled to stop; after they had passed I went on south side of both cars, to come west. Just about by Mr. Snyder's car I hit an icy spot and my car swayed over and hit Mr. King's car, my right front fender on his left rear fender; then I slipped sidewise along his car; did not see any people about there at that time; did not know of striking any person with automobile; going eight or ten miles an hour, with car in intermediate gear. Other circumstances were shown by witnesses called by parties to this suit.

Sufficient has been shown to indicate that the evidence was conflicting; and its weight was for the jury. If the evidence offered on behalf of appellee was believed by the jury, they could well have concluded that, under the existing conditions, the appellant was not, in the operation of his car at the time and place in question, exercising care commensurate with the danger and injury reasonably to have been apprehended from a lack of proper prudence. Where a verdict is based on conflicting evidence, it will not be disturbed as against the weight of evidence, unless clearly wrong. *Anderson v. Lotman,* 124 Neb. 795; *Cotten v. Stolley,* 124 Neb. 855; *Schwerin v. Andersen,* 107 Neb. 138; *Bainter v. Appel,* 124 Neb. 40.

Finally, it is contended that the verdict is excessive. There is evidence that appellee received the injuries alleged in her petition, which have heretofore been set out. This is mostly uncontroverted, except as to the injuries to her back and spine, and the effect thereof; some of the injuries are of a permanent nature; left a deformity of the nose; she has suffered much pain and at the time of the trial still complained of pain from the injuries received; was nervous; unable to sleep well nights; had difficulty in climbing stairs; unable to use injured hand, without pain, and her physical activities are interfered with. We conclude the evidence as to injuries sufficient to sustain the amount of the verdict. No prejudicial error appearing, the judgment of the trial court should be, and is

AFFIRMED.