BAK, Respondent, v. WALBERG, Appellant

(273 N. W. 381)

(File. No. 7996. Opinion filed June 1, 1937)

*Van Slyke & Agor,* of Aberdeen, for Appellant.

J. M. Berry, of Ipswich, for respondent.

WARREN, J. The plaintiff, Ines Bak, brought this action to recover damages for personal injuries suffered in a collision on a highway while on her way to Ipswich, S. D. Her husband was driving a Whippet Six automobile. The plaintiff and a child were sitting in the rear. The collision happened some 3 miles northwest of their home, on an ordinary graded country road, which was the usual road they traveled in going to market. From the record, it appears that the collision took place at about 7 o'clock in the evening of July 13, 1935, and while plaintiff was traveling westward. It is contended that plaintiff and her husband were looking directly into the sun, and though the sun was quite high in the sky, that the rays were striking plaintiff's husband in the eyes as they were going uphill, thus interfering with his observation of approaching cars.

The collision occurred at or near the top of a small hill, which hill sloped gradually from the west to the top, but from the east it was more abrupt. There is considerable testimony as to the distance that one could see an on-coming car while approaching the top of the hill. The speed of plaintiff's car seems to have been about 30 to 50 miles per hour. There is some testimony that defendant's car was on plaintiff's side (north side) of the highway, and that the defendant was not driving on his right (south) side of the highway. At the particular point where the collision occurred, it would seem that the graded portion of the road was about 22 feet wide from shoulder to shoulder, and that there were thistles

and weeds along each side of the road, leaving about 19 feet of traveled roadway. There is testimony in the record to the effect that when Bak (plaintiff's husband) neared the summit of the hill he discovered the defendant coming towards him at a very fast rate of speed, on his (Walberg's) left-hand or north side of the road, with his (Walberg's) left wheels being about 2 feet from the north shoulder, driving directly towards the Bak car, and that Bak attempted to turn his car to the right, but was unable to do so on account of the speed of the approaching car, and that defendant attempted to turn his car to the right, but that his car skidded into the Bak car. Walberg stated that he was going 45 miles per hour or faster at the time of the accident. There is some verification as to the speed of defendant's car because after the collision with the Bak car it proceeded east down through the ditch on the south side of the road and finally landed with its wheels upon the bank on the south side of the ditch, headed southwest. There was a $3,250 verdict for the plaintiff. The defendant has appealed and presents the following assignments of error, that the plaintiff was contributorily negligent as a matter of law; that the court erred in permitting the plaintiff to amend her complaint; that the verdict of $3,250 is excessive; and, fourth, was the plaintiff injured by the accident in question?

The appellant urges that the respondent was guilty of contributory negligence in failing to see and observe the possibility of a collision with the on-coming car. It seems to us that from appellant's own evidence and deductions, that from the time the two automobiles could have been seen by both parties, and taking into consideratoin the speed with which they were traveling, there was but very little time in which the respondent could have given any warning that would have resulted in avoiding the collision. From the testimony, as we see it, the jury must have found that the respondent's husband was driving, immediately before the collision, at the usual speed traveled by the average prudent person over a country road. It does not seem that this particular place where the collision occurred was one of known danger or of a more dangerous appearance than the rest of that particular section of the country. This was a graded road and from the evidence it would appear that the traveled part of the roadbed was some 19

feet wide, and there was ample room, south of the point where the collision occurred, for two cars to pass at the same time. The appellant's evidence places the distance of visibility between the two cars at approximately 200 feet. In his argument he has furnished us with the rate of speed, by so many feet per second, which the cars were traveling, and also states that it requires "three-fourths of a second to react to the presence of danger." There is evidence, if believed by the jury, to the effect that the appellant told witness Jensen that he was going about 45 miles per hour or faster when the collision took place. There is also the evidence, if believed by the jury, that the respondent was traveling, immediately before the collision, at 30 miles per hour, and therefore was traveling 44 feet per second. At 45 miles per hour appellant would be traveling 66 feet per second. Each second would therefore use up 110 feet, and the distance being approximately 200 feet, less than two seconds was therefore the time that the respondent or the husband had in which to place themselves out of danger. If it is true, as appellant states, that it takes three-fourths of a second to form a reaction or what is ordinarily known as "size up" a situatoin, it left the respondent very little time indeed in which to direct her husband what to do. The evidence shows that the husband did act. Testimony of witnesses shows that some 20 to 30 feet back of where the collision took place respondent's car had been turned to the north so that it was only 1 foot or 1½ feet from the shoulder of the highway.

The conflict of the testimony as to the positions where the cars could have been seen, and the speed that they were traveling, and the positions of the cars on the highway, and the attempt of Bak to avoid the collision, were all facts peculiarly fit for the jury to determine.

Appellant places much reliance on what this court said in Ulrikson v. Chicago, M., St. P. & P. Ry. Co. et al., 64 S. D. 476, 268 N. W. 369, 378. It will be observed that in that case the court was dealing with what is often termed as a (well-known) railroad crossing case. In that class of cases we believe that the standard of conduct is somewhat different than it is while traveling on a so-called township or county highway. It will be observed that the opinion expressly states that the discussion was limited to the

question of the duty and care imposed upon the passenger who was approaching a grade railroad crossing, and we said, "We need not and we do not here consider such questions as whether the passenger is obligated to stay awake or to what extent he is obligated in general or at all times to pay attention to the road or the operation of the automobile." Clearly this court did not attempt to lay down the rule of law as to the vigilance of the passenger out upon the highway and away from railroad crossings.

We feel that respondent's husband is not chargeable with negligence. Neither is the respondent chargeable with contributory negligence as a matter of law, and the trial court ruled correctly in submitting the question to the jury.

■ We have examined the record under assignment of error No. 4 charging the trial court with error in permitting the respondent to amend her complaint to include additional elements of damage for temporary and permanent injuries to her nervous system, and that appellant was prejudiced thereby. In substance, appellant's objection is upon the grounds that he would not be able to prepare and meet this class of evidence; that the offered amendment came too late, and at the time when they were engaged in the trial; that he would be unable to meet the issues; and that he had no time or opportunity to ascertain conditions or offer evidence to meet any such claim of permanent injury. There is no showing that appellant moved for a continuance and that it was supported by the usual affidavit as required under our practice. Simmons v. Leighton, 60 S. D. 524, 244 N. W. 883. The trial court in the exercise of his discretion was fully justified in allowing the amendment as it did not work a departure or materially change the issues that the appellant had been apprised of in the complaint, and without a proper showing of a surprise the amendment must stand.

■ Appellant seeks a reversal upon the grounds that the damages awarded by the jury in the sum of $3,250 were excessive. The injuries to the respondent were extensive and painful. A broken nose with a point of the bone extending through the flesh and skin requiring surgical attention to remove a portion of the bone. Marks and cuts upon her face and scars constituting a permanent disfigurement of her face. Both eyes were swollen and

bloodshot. Her teeth were loosened. Her mouth was cut and bruised. A red and blue sore spot upon her shoulder. Injuries to her knee. A sore place on the outside of her left leg and ankle. An injured spot on her hip and an injured spot on her chest which interfered with her breathing. Six cuts on her right arm. She was required to walk over a mile while bleeding profusely, and then ride 11 miles before reaching a doctor. She was on the operating table close to four hours, and five stitches were required to sew up the gash in her nose. Fourteen trips were made to the doctor's office. She suffered intense pains and headaches for a considerable time. In fact, at the time of the trial she suffered headaches, and there is evidence that she was suffering from a shock which had affected her nervous condition. She awakes from her sleep. She was unable to breath through her nose for some two weeks, and there were many other conditions testified to indicating that she was severely injured and that she may continue to suffer for a long period of time. We conclude the evidence as to injuries was sufficient to sustain the amount of the verdict. Morton v. Holscher, 60 S. D. 50, 243 N. W. 89; Pemberton v. Fritts et al., 56 S. D. 374, 228 N. W. 409; Thomas v. Haspel, 126 Neb. 255, 253 N. W. 73; Sweet v. Underwriters' Casualty Company et al., 206 Wis. 447, 240 N. W. 199; Jankowski v. Clausen, 167 Minn. 437, 209 N. W. 317; Simonsen v. Thorm et al., 120 Neb. 684, 234 N. W. 628, 81 A. L. R. 1000; Finger v. Massad et al., 61 N. D. 754, 240 N. W. 917; Iverson et al. v. Regola, 161 Minn. 487, 202 N. W. 27.

The appellant argues that there was no evidence before the jury that the plaintiff was injured by the accident in question; that the entire question was covered by the testimony of the plaintiff; that her testimony in substance was to the effect that she did not know how she was injured; that she did not know that she came in contact with anything in the car, and did not know how she got out of the car, and other testimony along this line; and then the further contention that if she jumped from the car before the collision and injured herself, she cannot recover. From the testimony before us, it is apparent that the collision of the cars took place and was brought on in a twinkling, and was so unexpected that it was impossible for the parties to say with clearness what occurred and how the respondent was injured, or what part

of the automobile caused the injury. The respondent stated that she recalled being in a collision with a car driven by the defendant, and that she was going to Ipswich at the time the collision took place; that she knew the place where the car she was riding in collided with the one driven by Walberg. We do not believe that the respondent should be precluded from recovering because she is unable to tell and describe with exact certainty how the collision happened and how and in what way she was injured. She was injured by the force of the collision and the jury so found. It was a question of fact for them to decide, and we believe that the jury clearly concluded, that the collision was the direct and primary cause of the injury.

Finding no error in the record, and believing that the verdict of the jury should be sustained, the order and judgment appealed from are hereby affirmed.

RUDOLPH, P.J., and POLLEY and ROBERTS, JJ., concur.

Smith, J., disqualified and not sitting.