BRUE, Appellant v. BRUE, Respondent

(190 N.W.2d 64)

(File No. 10761. Opinion filed September 23, 1971)

**John E. Burke,** Sioux Falls, for plaintiff-appellant.

**Woods, Fuller, Shultz & Smith,** and **J. B. Shultz,** Sioux Falls, for defendant-respondent.

RENTTO, Associate Judge.*

In this personal injury litigation the trial court instructed the jury that defendant was negligent as a matter of law in driving his motor vehicle, and that such negligence was the proximate cause of the collision involved. The only issue submitted to the jury for determination was the damage, if any, sustained by plaintiff as a proximate result thereof. Plaintiff made no objection to the instructions given and did not request any in addition to those proposed by the court. The jury found for the defendant upon all the issues in the case and against the plaintiff. His motion for a new trial was denied. Plaintiff appeals from the judgment entered on the verdict.

 On plaintiff's deposition, in answer to questions asked, he made the claim that the adjustor for the defendant's insurance company had suggested that he go to a chiropractor for treatment and later that he see an orthopedic surgeon. Prior to commencing trial defendant moved that plaintiff not be permitted to use these answers in the trial and that these references to his insurance company be eliminated from the case as being prejudicial and of no probative value. The granting of this motion was urged as a ground in his motion for a new trial and is the basis of plaintiff's first assignment of error.

*Retired Supreme Court Judge acting by appointment pursuant to SDCL 16-8-13.

■ Generally speaking, evidence that the defendant in a personal injury action is protected by insurance from liability to third persons is inadmissible. Zeller v. Pikovsky, 64 S.D. 544, 268 N.W. 729; Kloppenburg v. Kloppenburg, 66 S.D. 174, 280 N.W. 209. However, an exception to this rule is recognized when such evidence is relevant to a material issue or matter involved. O'-Connor v. Sioux Falls Motor Company, 57 S.D. 397, 232 N.W. 904; Biggins v. Wagner, 60 S.D. 581, 245 N.W. 385, 85 A.L.R. 776. Appellant does not advance any theory which, in our view, would bring the questioned evidence within the exception. As we said in Fossum v. Zurn, 78 S.D. 260, 100 N.W.2d 805, the granting of an in limine motion is proper when it avoids the injection of prejudicial matter into the trial.

■ The other ground of his motion for a new trial was that there was an insufficiency of evidence to justify the verdict. The thrust of this is that in view of the court's determination that the defendant was negligent as a matter of law and that such negligence was the proximate cause of the collision, the jury's allowance of no damages was contrary to the evidence. See Simons v. Kidd, 73 S.D. 306, 42 N.W.2d 307. This necessitates a general statement of the evidence.

The plaintiff, a resident of Sioux Falls, was state manager for the Franklin Life Insurance Company. He was about 50 years of age at the time of the accident. The defendant, then 52 years of age, is his brother. He operated a farm in Turner County and worked part time under the plaintiff as an insurance salesman. Because of their business production in 1965 both qualified to attend the national convention of their insurance company to be held in San Diego, California, in the forepart of July 1966.

The two brothers left Sioux Falls on July 1st with the convention as their destination. Each drove his own car accompanied by some members of his family. Leaving Salt Lake City on July 3rd the plaintiff took the lead driving his car. While still in the city he encountered a detour which occasioned a stop on his part

before entering an arterial highway. While at this stop the defendant's car ran into the rear end of the plaintiff's car. He claims that this impact caused a snap of his neck.

They drove their cars to a nearby repair shop and had some body and fender repair and wheel alignment done on both of them. After a five-hour delay they were on their way again. The following day they arrived in California where they visited several days with a relative. From there, plaintiff and defendant drove to San Diego in one car and were in attendance at the convention for four days. While there the plaintiff engaged in some deep sea fishing about 50 miles off shore in water that he described as being pretty rough. He returned to Sioux Falls the 20th or 21st day of July after a three-day return drive.

He testified that he suffered neck pains and headaches almost continuously after the collision but did not consult a doctor until he returned to Sioux Falls. The record does not indicate that his normal activities while on the trip were in any way curtailed. In his younger days he had been athletically inclined and was now an active outdoor sportsman. He went duck hunting in the fall of 1966 and 1967 and deer hunting in the Black Hills in November in each of those years. He testified that after his duck hunting endeavor in 1966 he experienced more pain and discomfort in the region of his neck. This action was not commenced until the 17th day of May 1968.

On his return to Sioux Falls on July 20th or 21st of 1966 he consulted an orthopedic surgeon. In January 1967 he consulted another one there. A year later he was a patient at the Mayo Clinic in Rochester, Minnesota, where his examining physician was a neurologist. These experts were of the opinion that the hypertrophic changes in the thoracic spine and degenerative changes in the neck as shown by his x-rays preexisted the accident. Apparently such conditions are the result of natural wear and tear of one's bony structure more likely to occur in an individual as physically active and athletic as plaintiff had been.

It was the opinion of the orthopedists that plaintiff's pain and discomfort was due to an atrophy of the muscles of the neck and that the collision was the efficient producing cause of it. The latter of these conceded, however, that he could not rule out plaintiff's hunting activities in October 1966 as having something to do with the worsening of his condition which occurred at about that time. They both prescribed some treatment for his condition. The neurologist found nothing in the x-rays of plaintiff's neck that he would consider abnormal and nothing that would account for his symptoms. His examination of plaintiff's neck region disclosed nothing that could cause the tenderness of which he complained. He summarized his findings by saying he could find nothing from the standpoint of neurology or bones that would account for his complaint. He prescribed no treatment.

The defendant when examined as an adverse witness testified that since the time of the accident he has seen his brother at least once a month and had observed indications that he was suffering substantial pain in his neck. The defendant arranged to have moving pictures taken of some of plaintiff's activities in Sioux Falls, South Dakota, in August 1967 and during one day of his deer hunting trip that year. These were exhibited to the jury without objection and the film made a part of the settled record. In our review of this case we had it exhibited to the court.

We feel that this assignment of error presents only a question of fact. It was for the jury to say whether plaintiff was injured in the accident. Pemberton v. Fritts, 56 S.D. 374, 228 N.W. 409; Bak v. Walberg, 65 S.D. 292, 273 N.W. 381. It found that his problems are not attributable to the accident. In view of the conflicting testimony in this record we are not disposed to disturb their findings. Stygles v. Ellis, 80 S.D. 346, 123 N.W.2d 348. The jurors were better able to assess the origin of his complaint than are we.

On all of the evidence in this record including the moving pictures which reasonable men and women could interpret as contradicting plaintiff's complaints of pain and suffering, the jury could fairly and rationally find that he was not injured in the

collision. The evidence under the court's instructions authorized the verdict and the trial court did not err in overruling plaintiff's motion for a new trial.

Affirmed.

All the Judges concur.