## FRANK LEVAN v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

January 18, 1924.

No. 23,759.

**Verdict excessive.**
1. A verdict for $2,750 for personal injuries, of which there were almost no external evidences, is excessive. No considerable verdict should be allowed to stand upon proof of subjective symptoms only.

**Reduction of verdict or new trial.**
2. New trial granted, unless plaintiff consents to a reduction of the verdict to $1,750.

Action in the district court for Ramsey county. The case was tried before Boerner, J., and a jury which returned a verdict in favor of plaintiff for $2,750 and in favor of his wife for $225. From an order denying its motion for a new trial, defendant appealed. Affirmed conditionally.

*O'Brien, Horn & Stringer*, for appellant.

*T. W. McMeekin* and *Tautges & Wilder*, for respondent.

LEES, C.
Plaintiff and his wife were passengers on one of defendant's trains when it collided with another train on July 16, 1922. Plain-

[1]Reported in 196 N. W. 673.

tiff sued for damages for personal injuries, loss of earning, expenses of medical attendance, and loss of services of his wife, who was also injured. His wife also brought suit against the defendant and the two actions were tried together, resulting in a verdict for plaintiff for $2,750, and for his wife for $225.

At the opening of the trial, the defendant admitted liability in both cases, leaving only the question of damages for submission to the jury. Defendant has appealed from an order denying its motion for a new trial made on the ground that the verdict is excessive and was given under the influence of passion and prejudice.

Plaintiff testified that at the time of the collision he was in the smoking car and was in the act of getting up from his seat; that he was thrown against the edge of the seat and fell to the floor; that he felt pain in his back where it struck the seat and in his shoulder where it struck the floor; that he was dizzy at times for two or three months thereafter; that he worked for a coal company as a truck driver and tried to work the day after the accident but found he could not do so; that he earned $5 a day when he worked; that he could not return to work until January 1, 1923; that he has had pain in his back ever since the accident; that he has lost ten pounds in weight and at no time since the accident has he felt as well and strong as he did before.

At the time of the trial in April last he complained of pain in the back and in one of his elbows. It appeared that he had a claim against the Travelers Insurance Company and at its instance was examined by four physicians at different times in July, August and September, 1922. They testified that there was an absence of objective symptoms of injury, but plaintiff complained of soreness or pain in the back. Plaintiff consulted Dr. Leonard on July 17, 1922, who saw no external evidence of injury at that time, but two or three days later discovered blue spots over the right hip. Dr. Leonard saw him regularly thereafter. He first applied straps to limit the motion of the back, and later an elastic brace. He gave him no other treatment. It was his opinion that the lower

portion of plaintiff's back had been bruised or sprained and pained him. He fixed the value of his professional services at $150. Dr. Bacon examined plaintiff three times, twice before the trial and once while the trial was in progress. He gave it as his opinion that plaintiff's back had been sprained and that the injury was of such a nature that disability would be recurrent for some time to come. The objective symptoms of injury upon which his opinion was based in part were muscular rigidity, loss of weight and a haggard look. The testimony of Dr. McLaughlin, another medical witness for plaintiff, was substantially the same.

The medical witnesses called by the defendant examined plaintiff in July, August and September, 1922, and at the time of the trial, found no objective evidence of injury except stiffness of the muscles of the back. They were of the opinion that he might have gone to work before he did. X-ray pictures of the back show nothing abnormal.

Loss of wages from July 17 to January 1 at the rate of $5 a day and Dr. Leonard's bill together amount to $865. The evidence of expenditures on account of the wife's injuries and of loss of her services is not definite. Plaintiff was entitled to something on that score. The remainder of the verdict was by way of compensation for pain and disability.

In Johnson v. Great Northern Ry. Co. 107 Minn. 285, 119 N. W. 1061, it was said that the decisions go so far as to hold that no considerable verdict should be allowed to stand upon proof of subjective symptoms only, and in Haugen v. Northern Pacific Ry. Co. 132 Minn. 54, 155 N. W. 1058, that courts must exercise much circumspection in sustaining large verdicts where no injury can be seen and where the word of the person injured is the only evidence of its extent. This was quoted with approval in Lowe v. Armour Packing Co. 148 Minn. 464, 182 N. W. 610. The instant case is of the same type as those cited. There was little evidence of a substantial injury aside from plaintiff's description of his condition.

We are of the opinion that the verdict is excessive and it is set aside and a new trial granted, unless within ten days after the filing

of the remittitur in the district court plaintiff files a written consent to the reduction of the verdict to the sum of $1,750. If such consent is so filed, the verdict as reduced will stand and the order denying a new trial will be and is affirmed.

Stone, J., having been of counsel, took no part.