## MARGARET AND HARRY RANDALL v. GREAT NORTHERN RAILWAY COMPANY.[1]

January 9, 1931.

No. 28,159.

[1]Reported in 234 N. W. 298.

*A. L. Janes* and *J. H. Mulally*, for appellant.

*Tautges, Wilder & McDonald* and *McMeekin & Quinn*, for respondents.

STONE, J.

Two actions, tried together, growing out of personal injuries sustained by Margaret Randall, plaintiff in one of them. Her husband, Harry Randall, is plaintiff in the other. The jury awarded damages to the wife in the sum of $2,200 and to the husband in the sum of $300. Defendant appeals from the order denying its motion for a new trial.

The one question now is whether the damages are so excessive as to indicate passion and prejudice. Liability is not denied. Mrs. Randall, while a passenger on one of defendant's passenger trains in Montana, was injured in a collision. There was no issue as to the fact of injury but a serious one as to nature and extent of resulting disability. There was a head injury and brain concussion sufficient to produce unconsciousness which lasted 10 or 15 minutes. There was a more serious kidney injury, the treatment of which required a succession of painful cystoscopic explorations. Mrs. Randall was in a hospital for a week and confined to her bed for some three or four weeks more. She underwent much treatment after her discharge from the hospital. There is medical testimony on both sides, and it is in disagreement as to whether the more serious disabilities resulted from the train collision or were due to a pre-existing organic disease. There is evidence justifying the inference that the pre-existing involvment was aggravated by the accident.

The jury gave controlling weight to the testimony for the plaintiffs, Mrs. Randall's, and that of the physicians and surgeons who testified in her behalf.

The verdict for $2,200 may be large. Much of the functional and other impairment complained of by Mrs. Randall may not be attributable to the accident. Her case may be exaggerated. But of all that the jury was the judge. The record is not such as "to indicate a fair probability that the jury were influenced by passion or prejudice" in the assessment of damages within the rule of such cases as Goss v. Goss, 102 Minn. 346, 349, 113 N. W. 690; and Johnson v. G. N. Ry. Co. 107 Minn. 285, 290, 119 N. W. 1061. Neither is it within the rule of cases of the type of Levan v. C. R. I. & P. Ry. Co. 158 Minn. 69, 196 N. W. 673, holding that "no considerable verdict" for personal injury should be allowed to stand "upon proof of subjective symptoms only." Here there was proof of numerous and significant objective symptoms. We cannot hold that the learned trial judge abused his discretion in denying a new trial. That requires that his order be affirmed.

So ordered.