# DELORES A. S. GORDON v. LAND OF LAKES MOTOR COMPANY.

113 N. W. (2d) 576.

March 2, 1962—No. 38,274.

*I. L. Swanson* and *M. O. Erickson,* for appellant.
*Olson, Kief & Severson,* for respondent.

KNUTSON, CHIEF JUSTICE.

This is an appeal from an order denying defendant's motion for a new trial.

The action arises out of an intersection collision which occurred on January 9, 1958, at about 11:30 a. m., in Bemidji, Minnesota, between plaintiff's automobile, which she was driving in a westerly direction, and an automobile owned by defendant and being driven in a northerly direction at the time of the collision by one Raymond George Davis with defendant's consent. Plaintiff had the statutory directional right-of-way. Defendant does not challenge the sufficiency of the evidence to sustain the jury's finding that it was liable, so details of the accident are unimportant. The jury returned a verdict of $7,500 in favor of plaintiff, which was the full amount demanded by her in her complaint.

Defendant contends that the verdict is excessive and that a new trial should be granted for misconduct of plaintiff's counsel in his argument to the jury.

Plaintiff is a divorced single woman, 29 years of age at the time of the trial. She was not employed at the time of the accident but had been employed at times previous thereto at positions in which she earned from $38 to $42 per week. There was no proof of loss of earnings resulting from the accident, and the court so instructed the jury. Loss of earning capacity, if any, was submitted as an element of damages.

Plaintiff's observable injuries consisted of a cut on the left middle finger and a bruise on her left shoulder and left hip. Shortly after the accident she saw Dr. Whittemore of the Bemidji Clinic, who sutured her cut finger. She saw him again on January 13 and February 25. Dr. Griffin of the same clinic saw plaintiff on August 7, 1958, and at that time took some X-rays. Dr. Whittemore also saw plaintiff for maternity care at other times, since she was about 7 months pregnant at the time of the accident. These visits had nothing to do with her injuries. She did not see a doctor again for her injuries until more than a year later, when she was examined by Dr. Wilford J. Deweese on September 12, 1959. Neither Dr. Whittemore nor Dr. Griffin was called as a witness at the trial. Dr. Deweese, who specializes in surgery, presented the only medical testimony.

Plaintiff admits that the bruises on her shoulder and hip cleared up in a matter of a few months. She contends that she continues to have headaches and aches in her neck and back. Dr. Deweese testified that from his examination there were no objective symptoms of injury; that the history given him by plaintiff "would indicate" that the complaints of plaintiff, if true, were due to the accident but that he had to rely entirely on what plaintiff told him for such opinion. As to the permanency of plaintiff's injuries, Dr. Deweese said:

"I just have her history to go on that this is unchanged and not improving in the period of the time between January of 1958 and the time I saw her which would be a little over a year and one-half and if it hasn't improved in that time, I am unable to state how long it is going

to last. It becomes difficult to project that into the future as to how long it is going to bother her; if it hasn't improved in a year and one-half, it will probably continue to bother her for some time, at least."

He was later asked:

"And I assume, Doctor, from what you have told us and assuming the history she told you is true and assuming the fact that she hasn't seen any improvement in her back and her neck from the time of the accident, that it is your opinion with reasonable medical certainty that they are a permanent condition?"

He answered:

"Well, I would have to define it; I couldn't say they were going to be permanent in this present status, these things tend to get better at times and to get worse at times; usually they aren't constant, it depends on fatigue and activity and other things but if it has bothered her for this long I would expect that it, at least off and on, over probably a long period of time she will have some trouble. I couldn't say that it is going to be permanent in its present condition."

It is clear from the record that plaintiff's claim rests entirely upon subjective symptoms. There are no medical objective findings to be found in Dr. Deweese's examination of plaintiff, and it is reasonable to assume that Doctors Whittemore and Griffin found none. While it is true that recovery may be had for injuries resting entirely on subjective symptoms where there is credible evidence of permanency or severity to support such recovery,[1] we have frequently held that such evidence is subject to close scrutiny.[2] That is particularly true where,

---

[1] Galloway v. Chicago, M. & St. P. Ry. Co. 56 Minn. 346, 57 N. W. 1058, 23 L. R. A. 442; Kitman v. Chicago, B. & Q. R. Co. 113 Minn. 350, 129 N. W. 844; Marlowe v. Gunderson, 260 Minn. 115, 109 N. W. (2d) 323.

[2] Johnson v. G. N. Ry. Co. 107 Minn. 285, 119 N. W. 1061; Haugen v. N. P. Ry. Co. 132 Minn. 54, 155 N. W. 1058; Lowe v. Armour Packing Co. 148 Minn. 464, 182 N. W. 610; Levan v. Chicago, R. I. & P. Ry. Co. 158 Minn. 69, 196 N. W. 673; Propper v. Chicago, R. I. & P. Ry. Co. 237 Minn. 386, 54 N. W. (2d) 840, 35 A. L. R. (2d) 459.

as here, physicians who examined and attended plaintiff immediately after an alleged injury, though available, are not called to testify at the trial. The practice of ignoring doctors who are in the best position to evaluate an injury in favor of one who examines a litigant shortly before trial is subject to the suspicion that injuries based on subjective symptoms are not as serious as the party claims them to be. Here, it is obvious that the original injuries sustained by plaintiff were not considered to be of a serious nature. What the original attending physicians would have said if they had been called, we have no way of knowing. The doctor who did testify found no objective evidence of injuries that would cause any permanent disability. His opinions, at best, are equivocal and are based entirely on the assumption that he must accept as the truth the history given him by plaintiff. While we are reluctant to interfere with the verdict of a jury, approved by the trial judge, the evidence in this case does not furnish support for the recovery allowed. The special damages were limited to medical bills of $122 and damage to plaintiff's car in the sum of $270. The facts are comparable to those in Romano v. Dibbs, 256 Minn. 332, 336, 98 N. W. (2d) 146, 149, where we quote with approval the following from Ahlstrom v. Minneapolis, St. P. & S. S. M. R. Co. 244 Minn. 1, 27, 68 N. W. (2d) 873, 889:

"* * * by lack of a definite standard we do not forfeit our recourse to common sense and social practicality in given cases."

We are of the view that a new trial on the issue of damages should be granted unless plaintiff, within 5 days after the filing of this opinion, shall file in this court a written consent to a reduction of the verdict to the sum of $5,000. If such consent is filed, the verdict as reduced shall stand and the order denying a new trial shall be affirmed; otherwise a new trial on the issue of damages is granted.

Inasmuch as plaintiff's failure to consent to a reduction in the amount of the verdict may necessitate a new trial, it becomes necessary to say something about defendant's claim of misconduct of plaintiff's counsel in his final argument to the jury. We have examined the entire argument of both counsel. There is some merit in defendant's claims. In the event of a new trial, the advisability of confining the argument

more to the facts of the case may suggest itself to plaintiff's counsel. Affirmed on condition respondent consent to reduction.

MR. JUSTICE ROGOSHESKE, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.