## WALTER BROWN, PARENT AND NATURAL GUARDIAN OF RUTH BROWN, A MINOR, v. WALTER KAMINSKI.

### 152 N. W. (2d) 79.

June 23, 1967—No. 40,381.

*Ernest H. Steneroden,* for appellant.

*Magee, Walsh, Pherson & Slattengren,* for respondent.

PETERSON, JUSTICE.

The only issue for decision is whether an award to plaintiff of $4,500 for personal injuries suffered in an automobile accident on November 7, 1963, is excessive and not justified by the evidence. The trial court directed a verdict on liability and, after a jury verdict on damages, denied defendant's alternative motion for a new trial or for a reduction of damages.

The evidence favorable to the verdict is succinctly stated in Judge Charles W. Kennedy's order, which we use verbatim with some abbreviation: Plaintiff was 19 years of age at the time of the accident. Her head was propelled against the windshield with such force that a hole in the windshield resulted, plaintiff was stunned, and she received lacerations to the forehead which required 7 stitches that night at a hospital to which she was taken by the police. She was released after the suturing but returned to the hospital the next day for X rays. The lacerated forehead took 2 or 3 months to heal and left 2 scars, one of which is hardly discernible except upon close inspection. The other scar, extending through the right eyebrow, distorts the eyebrow and affects the facial expression. Plaintiff was working at timekeeping in an office, and she lost the Friday of that week and the 5 workdays of the following week. Her loss of wages was approximately $51.60. After the accident she had low back pain, neck pain, bowel trouble, and headaches. The back pain and headaches still bothered her as of the time of trial. She proved only $10 of medical expense (outpatient care at the hospital), but testified that she visited the doctor on other occasions in connection with injury received in the accident. According to plaintiff, some of the pain and discomfort still persisted, though it had been 2 years since the occurrence of the accident, and an inference that the scarring and distortion of the eyebrow are permanent is reasonably certain.[1]

We hold that the trial court did not abuse its discretion in sustaining the jury's verdict. Whether a verdict should be set aside as excessive is gen-

---

[1] The trial court's order adds the important insight of its own observation at trial: "The verdict itself does not reflect passion or prejudice, and there was no occurrence or atmosphere during the relatively short trial which can be considered as inciting any passion or prejudice. Plaintiff's testimony as to what she had endured since the accident was not opposed. It was apparent during the trial that plaintiff's honest, unassuming, straightforward manner would be well received by the jury. Though she did not call a doctor to repeat her subjective complaints about back and neck pain and bowel difficulty and headaches, it is obvious that the jury, without that corroboration, believed her testimony and no reason has been pointed out why the jury should not have believed her."

erally within the sound discretion of the trial court.[2] The objective fact of a distorting scar is adequately supported in the record. Subsequent to the trial, with defendant's consent, a photograph of plaintiff's face was submitted at the trial court's request, and the photograph exhibits some suggestion of a scowl due to the small scar. Plaintiff's additional subjective complaints are supported only by her own testimony. Neither plaintiff nor defendant presented any expert medical testimony. Such expert testimony, however, is not essential in every case.[3] How much of the verdict was attributable to such complaints, rather than the residual scarring, cannot be ascertained. Considering the force of the impact, the existence of some back pain, neck pain, and headaches for at least some period of time is not improbable. Whatever may be our view that the verdict is generous, it is not shocking. We do not consider it excessive as a matter of law.[4]

Affirmed.

---

[2] Zaikaner v. Small, 256 Minn. 275, 98 N. W. (2d) 247; Krueger v. Knutson, 261 Minn. 144, 111 N. W. (2d) 526.

[3] See, Carpenter v. Nelson, 257 Minn. 424, 101 N. W. (2d) 918; but cf. DeCourcy v. Trustees of Westminster Presbyterian Church, 270 Minn. 560, 134 N. W. (2d) 326; Saaf v. Duluth Police Pension Relief Assn. 240 Minn. 60, 59 N. W. (2d) 883.

[4] Damage decisions are so peculiarly subject to the facts of each case as to be at best illustrative rather than decisive. Schroht v. Voll, 245 Minn. 114, 71 N. W. (2d) 843; Cameron v. Evans, 241 Minn. 200, 62 N. W. (2d) 793. See, then: Gross v. Hoag (1958) 251 Minn. 217, 87 N. W. (2d) 542 (jury verdict of $7,500 reduced to $4,000 where plaintiff struck dashboard and had subjective back pains without medical testimony as to permanency); Grant v. Malkerson Sales, Inc. (1962) 263 Minn. 107, 116 N. W. (2d) 181 (jury verdict of $30,700 reduced to $15,000 where plaintiff, age 58, was not visibly injured and had subjective pains not medically attributable to abnormalities); Gordon v. Land of Lakes Motor Co. (1962) 262 Minn. 97, 113 N. W. (2d) 576 (verdict of $7,500 reduced to $5,000 where, despite absence of objective signs of injury, plaintiff complained of headaches and neck pains which she attributed to the accident); McCormick v. Malecha (1963) 266 Minn. 33, 122 N. W. (2d) 446 (verdict of $19,000 reduced to $15,000 where plaintiff, after accident knocking him unconscious, missed only 2 days of work and complained of headaches, dizziness, and nausea although his condition was established as objectively normal). See, also, Lucas v. State Farm Mutual Auto. Ins. Co. (1962) 17 Wis. (2d) 568, 117 N. W. (2d) 660 ($8,000 verdict reduced to $4,300 in a factually similar case).