## WILBERT LLOYD BURKS v. JAMES ALBERT STATEMA.

160 N. W. (2d) 581.

July 26, 1968—No. 40,872.

*Andrew P. Engebretson,* for appellant.

*Robins & Meshbesher* and *Russell M. Spence,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Sheran, and Frank T. Gallagher, JJ.

OTIS, JUSTICE.

Defendant appeals from a judgment and from an order denying his motion for judgment notwithstanding the verdict or a new trial. The

action arises out of a claim for personal injuries sustained in an intersection accident.

Defendant assigns as errors: (1) The court's failure to charge the jury with respect to the provisions of Minn. St. 169.19, subd. 4, governing change of course; (2) the court's refusal to find the verdict unsupported by the evidence; and (3) the inadequacy of the remittitur.

The accident occurred on August 10, 1964. Plaintiff was driving east on Minnehaha Avenue, making a left turn to proceed north on Arcade Street, when he collided with defendant who was entering the intersection from the east on Minnehaha. It was dark and the streets were wet.

Plaintiff acknowledged that he did not signal for his turn during the entire 100 feet provided by § 169.19, subd. 5. However, the jury was correctly instructed concerning the effect of this statutory violation. Plaintiff testified that he made his left turn at a speed of 5 or 10 miles an hour when defendant was at a point which counsel argues was some 130 to 140 feet east of the point of impact. Defendant testified that he was about 50 feet from the crosswalk when he first saw plaintiff. A witness who was in a car which was headed north on Arcade Street, waiting for the light to change, testified that as plaintiff started his turn the witness saw defendant approaching from the east, a distance of 80, 90, or 100 feet, traveling at 30 to 35 miles an hour. Seeing that an accident was inevitable, the witness' wife exclaimed, "My God, he [defendant] isn't going to stop."

■ The court correctly charged the jury with respect to the issues of negligence and contributory negligence and read to them the appropriate statutes governing left turns, § 169.19, subd. 5; right-of-way as it affects a driver making a left turn, § 169.20, subd. 2; and forfeiture of right-of-way for excessive speed, § 169.20, subd. 1. Defendant asked for no other instructions and took no exception to the charge. He now assigns as an error of fundamental law under Rule 51, Rules of Civil Procedure, the court's failure to charge the jury with respect to the statute on change of course, § 169.19, subd. 4. We hold that this was not an "error in the instructions with respect to fundamental law or controlling principle." The matters contained in subd. 4 were fully covered by the charge with re-

spect to § 169.19, subds. 1(2) and 5, and § 169.20, subd. 2. See, Daugherty v. May Brothers Co. 265 Minn. 310, 121 N. W. (2d) 594.

■ The issues of negligence and contributory negligence were resolved by the jury on conflicting testimony. It was their prerogative to adopt as more plausible the plaintiff's version of the accident, which was corroborated by the testimony of a disinterested witness. Bielinski v. Colwell, 242 Minn. 338, 344, 65 N. W. (2d) 113, 117.

■ The jury awarded plaintiff a verdict of $13,500, which the trial court reduced to $11,000. We are now asked to require a further remittitur. Although the verdict is generous, it is not so large as to require further reduction. There was testimony from which the jury could find that the special damages amounted to something in excess of $2,000. In round figures they consisted of $500 damage to plaintiff's automobile, $300 in doctor's bills, $590 in hospital bills, and $700 in lost wages. Plaintiff did not consult a physician until 4 days after the accident and was not hospitalized until September 8. He was then confined for 11 days. His doctor testified that plaintiff had sustained a 15-percent permanent disability of the lower back. Plaintiff was an unskilled employee who worked with his hands. He was able to return to his employment in October and made no claim for loss of wages thereafter. Defendant contends that the verdict was so excessive as to indicate it was given under the influence of passion or prejudice, requiring a new trial under Rule 59.01. The lower court carefully considered this issue and reduced the verdict by the sum of $2,500. In an order accompanied by a memorandum, Judge Graff acknowledged the absence of fixed standards for testing the sufficiency of verdicts, and recognized the trial court's responsibility to adjust damages when they are clearly excessive or inadequate. He made an appropriate remittitur with which we are not disposed to interfere. Brown v. Kaminski, 277 Minn. 131, 132, 152 N. W. (2d) 79, 80.

Affirmed.