ELMER B. CASPERS AND ANOTHER v. KATHLEEN LOUISE KALPIN, NOW MARRIED AND KNOWN AS KATHLEEN LOUISE FRANSON.

188 N. W. (2d) 887.

July 2, 1971—No. 42571.

*Primus & Primus* and *Lee B. Primus,* for appellants.

*Fitzgerald, Fitzgerald & Stich* and *Robert T. Stich,* for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

PER CURIAM.

This action arises out of a collision which occurred when a car occupied by plaintiff Barbara Caspers was struck from the rear by a car

which defendant, Kathleen Kalpin, was driving. The jury awarded Elmer Caspers $73.88 for damage to his automobile but denied recovery to Mrs. Caspers. They appeal from an order denying a new trial. The only issue is whether as a matter of law Mrs. Caspers is entitled to damages. We hold that she is not.

As plaintiffs' repair bill suggests, the impact was minimal. Mrs. Caspers had sustained injuries to her lower back in June 1957. In the matter before us she claims injuries to her neck. For reasons which are not disclosed, the physician who attended Mrs. Caspers at the time of this accident did not testify. The orthopedic surgeon who did testify was first consulted some 8 months after the accident. We have noted:

"* * * The practice of ignoring doctors who are in the best position to evaluate an injury in favor of one who examines a litigant shortly before trial is subject to the suspicion that injuries based on subjective symptoms are not as serious as the party claims them to be." Gordon v. Land of Lakes Motor Co. 262 Minn. 97, 100, 113 N. W. (2d) 576, 577.

This is a case of another rear-end collision where the jury is better able to assess the origin of plaintiff's complaints than is an appellate court. The jury has determined that her problems were not attributable to the collision. On this record we are not disposed to disturb their findings. Tibbetts v. Nyberg, 276 Minn. 431, 150 N. W. (2d) 687.

Affirmed.