ZELLER, Respondent, v. PIKOVSKY, Appellant.

(268 N. W. 729.)

(File No. 7900. Opinion filed September 1, 1936.)

*Williamson, Smith & Williamson,* of Aberdeen, for Appellant.
*Frank L. Sieh* and *Geo. H. Fletcher,* both of Aberdeen, for Respondent.

WARREN, J.   This action was brought by the plaintiff to recover for property damage and alleged personal injuries resulting from a collision between the car which plaintiff was driving and the truck owned and operated by the defendant.

The cause was tried to a jury, which rendered a verdict in favor of plaintiff.   Judgment was accordingly entered, and defendant's motion for a new trial denied.   Defendant has appealed from the judgment and order denying his motion for a new trial.

Appellant in assignment of error No. 7 charges that the trial court erred in overruling appellant's motion to strike certain answers to questions which had been propounded to the plaintiff on direct examination.   The questions referred to the placing of evidence relating to insurance carried by the defendant upon his truck before the jury.   An examination of the record indicates that there must have been some knowledge of counsel before he propounded the questions, because counsel asked for the conversation had between the parties.   The questions asked were as follows:

"Q.   Did you have some talk with Pikovsky there at that time?   A.   Yes.

"Q.   What was said?   What did you say, and what did he say?   A.   He asked me first if I had insurance on my car, and I said no, and he said he had insurance on his car."

Counsel for appellant instantly made appropriate objections and motions to strike, which were overruled by the court.   Counsel for respondent again asked the following question, and again the plaintiff answered:

"Q.   What else, if anything, did you say at that time?   A. That is about all he said.   He had insurance on his car."

Immediately after respondent's answer regarding the fact that appellant carried insurance, appellant's counsel moved that the answer be stricken.   This motion was denied, and appellant's counsel then moved the court to declare a mistrial and continue the case over the term.   This motion was also denied, and respondent's counsel continued with the examination.   Shortly thereafter appel-

lant's counsel requested the court to admonish the jury, and this request was granted.

■ There is a well-settled rule of law that evidence tending to establish the fact that the defendant in a personal injury action is protected by insurance from liability to third person is inadmissible. Such is unquestionably the general rule, although subject to some exceptions. This court has so held in O'Connor v. Sioux Falls Motor Co., 57 S. D. 397, 232 N. W. 904. See, also, notes and annotations in 56 A. L. R. 1418, 74 A. L. R. 849, and 95 A. L. R. 388.

Respondent contends that in the instant case the questions asked and answer given were not prejudicial because the jury was admonished to disregard any evidence concerning the fact that the defendant carried any insurance, and further because the answer of the respondent was responsive to the question of counsel. It might be conceded that the answer to the question was responsive, but the question was so framed that counsel for appellant could only either object in anticipation that improper evidence might be placed before the jury, or wait until the answer was received. Appellant's counsel, upon receipt of the answer, immediately objected and moved that the testimony of respondent be stricken from the record, but even though counsel acted promptly the matter of insurance had been called to the attention of the jury as effectively as though the matter had at length been placed before them.

This court is cognizant of the fact that there are some cases holding that it is an exception to the general rule covering the admission of evidence of this character, when, after the evidence has been inadvertently admitted, the court promptly and thoroughly admonishes the jury to disregard it. It is the theory of that line of holding that the admonishment of the jury by the court cures the prejudice against the defendant created by the admission of this incompetent and immaterial evidence. With that theory this court cannot and does not agree. It is also maintained that there is an exception to the general rule covering cases of this type, where a pertinent and competent question is asked by counsel, and the witness, in making a reply responsive to such question, brings to light the fact that the defendant is protected by insurance. In

our opinion, the instant case cannot be said to fall within this exception due to the fact that although a conversation, had between the appellant and the respondent at the time of the collision, might generally be said to be the subject of a competent question, it cannot be considered the subject of a competent and material question when the only matter discussed during said conversation was the fact that appellant carried liability insurance. In view of the above-stated general rule, and after determining that the instant case does not fall within any of the exceptions thereto, it is the opinion of this court that the trial court erred in refusing to have the answer of respondent stricken from the record and in refusing to grant the motion for mistrial, and that such error was prejudicial to the appellant.

The judgment and order appealed from are reversed, and a new trial granted.

POLLEY, P. J., concurs.

ROBERTS, J., concurs in reversal.

RUDOLPH, J., concurs specially.

CAMPBELL, J., not sitting.

RUDOLPH, J. (concurring specially). This court has had occasion in at least four different cases to consider the question of insurance in cases brought to recover damages on account of injuries sustained in automobile accidents. See O' Connor v. Sioux Falls Motor Co., 57 S. D. 397, 232 N. W. 904; Behseleck v. Andrus, 60 S. D. 204, 244 N. W. 268, 88 A. L. R. 596; Biggins v. Wegner, 60 S. D. 581, 245 N. W. 385, 85 A. L. R. 776; Pooley v. Leith, 62 S. D. 554, 255 N. W. 153. In the first and third cases just cited, the evidence regarding insurance tended to prove an issue in the case and was held to be relevant and material. In the second case cited, the evidence regarding insurance was injected into the case by a witness for the defendant, and this court said that it would not hold the plaintiff accountable therefor. The last case cited was governed by the rules previously established.

In the present case we are confronted with a situation which is entirely different than anything presented in the prior cases. Counsel for plaintiff asked the plaintiff, while on the stand, for a conversation had with the defendant at a certain place and time.

548

The plaintiff in reply to that question related a conversation which had only to do with the fact that the defendant carried insurance on his car, and that the plaintiff carried no insurance. According to plaintiff's own testimony, this was all that was stated in the course of that conversation. From the manner in which the question was framed, it appears that counsel for plaintiff knew what the answer was going to be. Certainly, counsel would not call for a conversation held at a certain time or place without knowing in advance the answer which his client would give. It appears, therefore, that here we have a situation where counsel deliberately asked concerning, and plaintiff deliberately testified to, a conversation which related to nothing more than the fact that the defendant had insurance. A more deliberate attempt on the part of the counsel for plaintiff and plaintiff himself to place before the jury the fact that defendant had insurance would be difficult of imagination. Under the authorities above cited, the evidence was incompetent, and where this incompetent evidence is deliberately placed before the jury for no other purpose than to prejudice the jury in favor of the plaintiff, certainly this court should not step in and say that such testimony was, in fact, not prejudicial. Plaintiff and his counsel introduced such evidence for no other purpose than the effect it might have on the jury. I cannot say upon the evidence presented that the jury would not have found differently upon the facts had it not been for the injection into the case of this incompetent evidence.

I therefore concur in the reversal.