GRANT, Respondent, v. MATSON, Appellant

(3 N. W.2d 118.)

(File No. 8431. Opinion filed March 28, 1942.)

**Max Royhl,** of Huron, for Appellant.

**George E. Longstaff,** of Huron, for Respondent.

ROBERTS, J.  This is an action for damages for personal injuries alleged to have resulted from the negligence of the defendant in the operation of an automobile in which

plaintiff was riding. Defendant appeals from a judgment entered after verdict in favor of plaintiff and denial of motion for judgment notwithstanding the verdict.

The accident occurred at a point on U. S. Highway 281 about seven miles north of Wolsey when plaintiff and defendant were returning from Redfield to Huron in an automobile driven by defendant. While traveling at a speed estimated by plaintiff at 50 or more miles an hour, the left rear tire blew out, causing the automobile to leave the highway and overturn. Both plaintiff and defendant testified that the graveled highway was rough. Defendant described it as "a very bad piece of road." Before starting from Huron, defendant took her car to a service station where the tires were checked in preparation for the journey. There was evidence to show that the car had been driven about 9,000 miles, but there was no evidence that defendant had any reason to believe that any one of the tires was defective and unsafe to use.

The complaint alleges that defendant was negligent, first, because she was knowingly using a defective tire on her car at the time of the blowout; second, because she was driving at a reckless and unlawful rate of speed; and third, because of the careless and negligent manner in which she handled the car after the blowout.

Section 4, Chapter 251, Laws 1929, in force at the time of occurrence of the accident, dealt specifically with restrictions as to speeds of motor vehicles. Subdivision (a) reads as follows: "Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than is reasonable and proper, having due regard to the traffic, surface and width of the highway and of any other conditions then existing, and no person shall drive any vehicle upon a highway at such a speed as to endanger the life, limb or property of any person." Subject to the provisions quoted and so far as applicable in the instant case, it was made prima facie lawful to drive at a speed not in excess of 40 miles an hour and prima facie unlawful to exceed that speed.

■ The evidence was to the effect that defendant was driving at the time of the accident at a rate of 50 or more miles an hour, and that the highway was very rough. We think, taking into consideration the speed and the condition of the highway, that the evidence presented a question for the jury whether defendant was negligent. Berlin v. Koblas, 183 Minn. 278, 236 N. W. 307; Anderson v. Anderson, 188 Minn. 602, 248 N. W. 35.

■■ Defendant contends that the break in the tire was accidental and unavoidable and due to conditions over which defendant had no control; that this was an intervening cause superseding the alleged negligent manner in which the defendant was driving so as to make it remote in the chain of causation. If such intervening cause, however, could have been reasonably foreseen by defendant, her negligence may be considered the proximate cause. 38 Am. Jur., Negligence, § 70. Whether the blowout might reasonably have been anticipated was a question for the jury. A similar situation was presented in Crupe v. Spicuzza, Mo. App., 86 S. W.2d 347, 351, wherein it was said: "Nor was the blowout to be regarded as an efficient intervening cause, so unusual and improbable as not reasonably to have been anticipated by defendant, and therefore sufficient, as defendant argues, to have broken the chain of causal connection between the negligent speed of the automobile and the resulting injury. Instead it is again a matter of common knowledge that blowouts most frequently occur as the result of the heat and vibration which attend high speed of operation. It would follow, therefore, that the speed, the blowout, and the injury were all so linked together in a succession of events as for all of them, in legal contemplation, to have become a continuous whole, and to have entitled the jury, as it was permitted to do by the instruction, to find that the negligent speed, which was the first event in order, was primarily productive of the injury."

■■ Plaintiff testified that defendant kept her foot on the accelerator after the blowout occurred and then removed her foot and jammed on the brakes. But we need not consider

the sufficiency of the evidence to sustain the alleged negligent manner in which defendant handled the automobile after the blowout. Where negligence is alleged as consisting of distinct acts or omissions, plaintiff is entitled to recover upon proof of any one of them and a judgment will not be disturbed if the evidence sustains one of the grounds alleged.

■ Plaintiff was permitted, over objection, to testify to a conversation with the manager of the Spencer Corset Company by whom she had been employed prior to her injuries resulting from the automobile accident. She testified: "Q. What did he say? A. He said in the future that my position would be cared for by a Mr. and Mrs. Halm." The admission of this evidence is assigned as error. The error is without prejudice since it was otherwise shown and not disputed that because of her physical condition plaintiff did not continue in her employment.

■ Defendant also complains that there was error in the admission of evidence contained in a deposition of the physician who attended plaintiff upon her return to Minneapolis after the automobile accident. The parties were not represented at the taking of this deposition by present counsel. The witness was asked the question: "In your opinion, Doctor, from the result of your examination of the X-ray, what was the cause of her trouble in her throat and ears?" The witness answered: "My opinion, if this chip of bone was due to a recent fracture, it is very possible to be an indication that the injury to the neck had been sufficient to cause the swelling, difficult motion and ear complications that she had suffered." Counsel at the taking of the deposition then objected: "Now the defendant objects to that because the answer is not responsive to the question and because it is based on matters not within the knowledge of the witness, and further because the matter inquired about is not within the issues made by the pleadings in this case." Counsel for defendant before the answer was read made this request: "Can we urge that objection before you read the record?" This the court would not permit. It is not urged that defendant was in position, as a

matter of right, to insist that the court hear the objection before the answer was read. Defendant complains that there was no foundation for this evidence; that the witness showed no knowledge as to the identity of the X-ray picture or as to the accuracy or methods used in its taking. Defendant did not request a ruling below on these grounds, and the alleged error is not presented for review.

Defendant contends that there were errors in instructions given and refused. After a careful consideration of the instructions, it is our judgment that the court fully and fairly instructed the jury and that there was no error.

■■ Jurors were interrogated on voir dire as to possible connection with, or interest in, liability insurance companies. We have held that a plaintiff in a personal injury action may, in good faith, examine prospective jurors as to such connection or interest. Morton v. Holscher, 60 S. D. 50, 243 N. W. 89; Simmons v. Leighton, 60 S. D. 524, 244 N. W. 883. It was shown out of the jury's hearing that defendant was insured. We cannot say that the examination of jurors was not in good faith. Defendant cites Zeller v. Pikovsky, 64 S. D. 544, 268 N. W. 729, and Kloppenburg v. Kloppenburg, 66 S. D. 174, 280 N. W. 209, in support of her contention. But there is a clear distinction between the present case and those cases denying the admissibility of evidence indicating that defendant was insured. Such evidence was not relevant to any material issue or matter involved in either of the cases cited.

The judgment appealed from is affirmed.

RUDOLPH, P.J., and WARREN and SMITH, JJ., concur.
POLLEY, J., dissents.