ABBOTT, Respondent, v. RUDOLPH, Appellant

(47 N. W.2d 563)

(File No. 9140. Opinion filed April 23, 1951)

**Julius F. Sieler** and **Hanley, Leedom & Driscoll,** all of Rapid City, for Defendant and Appellant.

**Bottum & Bottum,** Rapid City, for Plaintiff and Respondent.

HAYES, J. Motor vehicles of the parties litigant, then being operated by them, collided at an intersection in Rapid City. The scene of the collision is quite commonly known as the Baken Park Corner. West St. Joe and West Main streets, an east-west, four lane thoroughfare, and a part of the state trunk highway system, Mountain View Road, branching off in a southerly direction, and Deadwood Avenue, with a northwesterly course from the street or highway, make up the intersection. It is undisputed that at or within this intersection there were no buttons, markers or other direction signs indicating the course to be followed by vehicles turning thereat.

Plaintiff was proceeding eastward in the south lane of the thoroughfare with the intention of passing through the intersection and continuing his course to the east. Defendant was proceeding westward along the highway lane north of center with the intention of turning to the left and enter-

ing Mountain View Road. In executing the turn at the intersection defendant failed to do so in the manner required by the provisions of SDC 44.0316. His answer, however, alleged in substance that he was operating his vehicle in compliance with applicable statutes and regulations "and in accordance with the city ordinances" of Rapid City.

Trial to a jury had advanced to the point of resting by both sides. Thereupon, and before reaching the settlement of instructions, trial counsel for defendant read to the court ordinances of Rapid City defining the term "street intersection" and providing that left turns be made in a manner other than as required by the cited code section. Specifically, the code calls for a passing to the right of the center of the intersection before turning left whereas the city ordinance provides that left turns be made by passing to the left of the intersection center. Upon being informed of the view of the trial judge that in the absence of proof of the ordinance claimed to be applicable the state law would apply, defendant's counsel asked leave "to file with the court in this action such authenticated copies of the city ordinances of Rapid City as are applicable as to traffic at the intersection involved in this action * * * and thereafter take judicial notice of said city ordinances." This request was accompanied by an offer of the ordinances above mentioned, authentication thereof being waived by opposing counsel.

Upon defendant's request above quoted and described the court ruled as follows: "First, as to the motion of the defendant to admit what is claimed to be the city ordinance of Rapid City, the court denies such motion on the ground, first, that all of the evidence has been introduced and that proof of the same would have to have been made during the trial of the case. Second, because it changes the entire theory of the case as to where the turn should have been made." To this ruling defendant stated to the record his exception, towit: "To which ruling the defendant excepts for the reason that the entire evidence before the court indicates that this accident—scene of the accident—took place in the city of Rapid City, and for the further reason that the plaintiff was apprised that the defendant was relying on the

city ordinances of the city of Rapid City in connection with his defense to this action, as shown by the amended answer filed prior to the trial of this action, and for the further reason that it is an abuse of discretion on the part of the court to deny this defendant the right to have this case tried under the existing city ordinance where the accident took place, and particularly where the state statute makes an exception as to traffic regulations when they appear within the entire limits of a city and permits that city to so regulate that traffic."

Verdict and judgment for plaintiff induced an appeal challenging the stated ruling and the refusal of the court to instruct the jury respecting the city ordinance and the applicability of the provisions thereof to this case. Defendant's brief asserts the issue now before this court: "Is it mandatory upon a trial court to give effect to the paramount substantive law controlling on the conduct of parties litigant in a case where the propriety of that conduct is the issue in controversy?" To thus state the proposition, it seems to us, begs the issue. Rather, we think we are called upon to decide whether the ordinance was applicable to the particular intersection. If the ordinance did not apply the denial of defendant's request and offer was not error.

Plaintiff argues that the ordinance not supersede the statute and thus become the paramount substantive law. He points to the second paragraph of said section 44.0316 providing: "The State Highway Commission or local authorities in their respective jurisdictions may modify the foregoing method of turning at intersections by clearly indicating by buttons, markers, or other direction signs installed within an intersection the course to be followed by vehicles turning thereat, and it shall be unlawful for any driver to fail to turn in a manner as so directed. No such signs or buttons shall be placed upon any state highway without the approval of the State Highway Commission, and when an intersection is so constructed and laid out that different and clearly defined courses of travel are provided for vehicles turning to the left or right, as the case may be, it shall be lawful for any driver in making any such turn to follow the course thereby indicated."

The position of plaintiff is that the ordinance did not rise to the plane of the paramount law for the reason that there had been no compliance with the requirements of the quoted provisions of the code. We think this position is sound and must be sustained.

If defendant had it in mind and desired to introduce testimony tending to establish that it was proper for motorists to cut across the southeast quadrant of this highway-street intersection in making. left turns he made no proffer of proof of a modification of the statute in the only manner the statute provides that a modification thereof might be brought about by a local authority. Defendant does not now argue that enacting a city ordinance differing from SDC 44.-0316 would, and in this case did, produce a change in the method of making left turns on state trunk highways. Nor is it contended that the state highway lost its character as such at the city limits. We understand defendant's position now to be that the ruling of the court, refusing trial counsel's request, in effect shut the door not only to a consideration of the ordinance but also to other pertinent evidence which may have been properly received under the issues raised by the pleadings. As above recited, however, after resting his case at the trial, defendant confined his request and offer to the matter of the city ordinance. · He offered to prove nothing more and the court excluded no more than was offered.

It seems altogether clear to us that the quoted provisions of code section 44.0316 exclude a changing by ordinance only of the prescribed method of turning at intersections and that to effect a change of that method of turning on a state highway a local authority must proceed as is expressly required by the terms of said section. As stated at the outset, the absence of buttons, markers or other direction signs at this intersection was settled beyond dispute by the proof submitted. We must, therefore, decline to embrace the postulate that the state law was by the city ordinance eliminated as the rule applying at the particular intersection. The briefs of defendant include no authority to support the assumption that an ordinance should be regarded as an adequate and proper substitute or equivalent for that

which is specifically required by the provisions of said code section.

Under a second point defendant asserts reversible error in a ruling of the court permitting plaintiff's counsel on voir dire examination of jurors to inquire if they had any interest in or connection with any insurance company or any public liability insurance company. The record shows that upon a request by the court to be advised about the matter, but not within the hearing of members of the jury panel, counsel for defendant informed the court that his client carried public liability insurance. It is not contended that the form, wording or number of questions put to prospective jurors differed from those which are usual in the face of a disclosure of liability insurance coverage.

■ Although defendant argues here that the voir dire examination could not have been in good faith we think there is no showing to support a finding that bad faith induced the questions allowed. Accordingly, the issue now raised is ruled in Simmons v. Leighton, 60 S.D. 524, 244 N.W. 883, and Grant v. Matson, 68 S.D. 402, 3 N.W.2d 118.

Questions relating to appellate procedure arising in this litigation were considered in an opinion reported in 44 N. W.2d 785.

Judgment affirmed.

All the Judges concur.