John W. CARSON d/b/a Johnny
Carson, Plaintiff,

v.

NATIONAL BANK OF COMMERCE
TRUST AND SAVINGS, a corporation,
and Travel Unlimited, Inc., a corpora-
tion, Defendants.

No. CV72–L–198.

United States District Court,
D. Nebraska.

Feb. 21, 1973.

Kenneth Cobb, Lincoln, Neb., for
plaintiff.

Robert Routh and Richard Knudsen,
Lincoln, Neb., for defendants.

## MEMORANDUM ON MOTION FOR SUMMARY JUDGMENT

URBOM, Chief Judge.

This matter is before the court on
the defendants' motion for summary
judgment on the first cause of action,
filing No. 47. Two grounds are urged
for summary judgment: First, that the
first cause of action fails to state a claim
upon which relief can be granted; and
second, that the plaintiff has not been
damaged in an amount sufficient to meet
the jurisdictional requirement. The
questions presented have been extremely
well briefed by the parties, oral argu-
ment has been heard, and the matter is
now ready for decision.

The court will address the second argument advanced by the defendants first. Summary judgment under Rule 56 is available to a party only when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." In order to grant summary judgment it would be necessary for this court, then, first to find that no question of fact exists as to the amount of damages and that as a matter of law recoverable damages could not be $10,000 or more. Summary judgment is a poor instrument for determining recoverable damages. However, a more immediate reason appears for denying the motion on the second ground. The motion is directed only at the first cause of action. Under Count II of the plaintiff's complaint damages in the amount of $125,000 are alleged. When a single plaintiff seeks recovery against a single defendant for damages arising from a single incident, even though two counts are alleged, the two claims may be aggregated in order to reach the jurisdictional amount required in § 1332(a). Southern Arizona York Refrigeration Co. v. Bush Manufacturing Co., 331 F.2d 1 (C.A. 9th Cir. 1964). Thus, even if this court were prepared to say that there were no issue of fact as to damages under the first count of the complaint and the plaintiff, as a matter of law, could not recover the jurisdictional amount, the first count is properly joined with the second count which independently alleges damages in excess of $10,000. The amount claimed by the plaintiff ordinarily controls in determining whether there is federal jurisdiction, Zunamon v. Brown, 418 F.2d 883 (C.A. 8th Cir. 1969), and the claim in the second count stands unchallenged by this motion. This court then has jurisdiction of Count II and, as a claim properly joined over Count I.

The first ground asserted by the defendants for summary judgment presents a difficult question. It is first necessary to examine the factual background of this case.

The plaintiff, John Carson, is an entertainer of wide reputation. Under the name Johnny Carson, he entertains on television, on stage, and in nightclubs. In April of 1972 Johnny Carson was appearing in person at the Sahara Hotel in Las Vegas, Nevada. The defendants Travel Unlimited and National Bank of Commerce arranged a tour to Las Vegas which included travel, accommodations, and an opportunity to see the Carson stage show. To promote the tour advertisements were placed in newspapers, and brochures were mailed directly to potential customers. The newspaper ads and the brochures advertised the tour as the "Nebraskan's Johnny Carson Tour of Las Vegas." A photograph of the plaintiff accompanied the text.

As a result of that action, the plaintiff has filed the present lawsuit, alleging that the defendants were using his name and likeness without his authorization, that the plaintiff through the expenditure of great time and effort has acquired a substantial property interest in the use of his name and likeness for promotional purposes, and that the defendants' unauthorized use of his name and likeness in association with their tour has caused him injury.

It is the defendants' position that Count I of the plaintiff's complaint does not state a claim upon which relief can be granted under controlling Nebraska law.[1] The defendants rely on the case of Brunson v. Ranks Army Store, 161 Neb. 519, 73 N.W.2d 803 (1955). The defendants argue that the claim set forth in Count I is in reality a claim based on the "right to publicity," that the "right to publicity" is a branch of the "right of privacy," and that in the *Brunson* case the Nebraska Supreme Court expressly declined to recognize that right. Further, argue the defendants, the plain-

---

1. All briefs are geared to Nebraska law and no oral or written suggestion has been made by any party that any other state's law controls.

tiff can have no property right in the use of his name and likeness in the absence of an underlying right to privacy, since Nebraska law would not protect him from the unauthorized use of his name and likeness.

The plaintiff argues that the *Brunson* case is not controlling but that even if it were, it is a case that is ripe for judicial reexamination.

The plaintiff's second argument will be addressed first.

28 U.S.C. § 1652 provides that:

"The laws of the several states, except where the Constitution or treaties of the United States or Acts of Congress otherwise require or provide, shall be regarded as rules of decision in civil actions in the courts of the United States, in cases where they apply."

See, Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).

The limitations of a federal court in this respect have been stated by the United States Court of Appeals for the Sixth Circuit:

". . . [R]egardless of whether the established Tennessee rule is sound or not sound as an initial proposition, it has been accepted as the applicable rule for approximately twenty years and should be adhered to. Under the ruling in Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the federal court in a diversity action must accept the ruling of the state court, even though in its opinion it is an erroneous one." Montgomery Ward & Co. v. Morris, 273 F.2d 452, 454 (1960).

■ This court must, then, apply the precedent of the *Brunson* case, regardless of whether that precedent is of questionable validity or ripe for reexamination. If the rule is to be changed it must be by the Supreme Court of Nebraska, for, in the absence of a federal question, this court is bound by the presently controlling interpretation.

The question then becomes whether the rule announced in the *Brunson* case

serves to bar the plaintiff's first claim. It will be necessary to examine the *Brunson* case in some detail.

James Brunson was an actor who specialized in character roles. He entered into a verbal contract with Ranks Army Store to accompany seven of the store employees in a re-creation of the Brinks armed robbery in downtown Omaha. One of the conditions of the contract was that the store was to inform the Omaha police and obtain a clearance for the portrayal. Apparently this was not done. In any event, Brunson and the store employees were arrested by Omaha police. Newspaper stories of the incident were picked up by national wire services and the story was widely distributed. Ranks Army Store subsequently, without the consent of Brunson, ran prominent advertisements in the local newspapers which set forth in some detail the stunt and the resultant arrest and incarceration. Brunson brought suit against Ranks Army Store, alleging in separate causes of action breach of contract and an improper use of his name to his injury. The defendant demurred to both causes of action and the demurrers were sustained. The trial court was affirmed on appeal.

In discussing the second cause of action which charged running of the advertisement in the *Omaha World-Herald* without permission, the Supreme Court of Nebraska treated the cause of action as one resting upon a right of privacy, saying:

"Our research develops no Nebraska case holding that this court has in any form or manner adopted the doctrine of the right of privacy, and there is no precedent in this state establishing the doctrine. Nor has the Legislature of this state conferred such a right of action by statute. We submit that if such a right is deemed necessary or desirable, such right should be provided for by action of our Legislature and not by judicial legislation on the part of our courts. This is especially true in view of the nature of the right under discussion, under

which right not even the truth of the allegations is a defense. We therefore hold that the action of the trial court in sustaining the defendant's demurrer to plaintiff's action based on the right of privacy was correct and needs no further comment." 161 Neb. at 525, 73 N.W.2d at 806.

There has been no legislative enactment in Nebraska which confers a right of privacy.

The *Brunson* case has been subject to thoughtful criticism. See Perlman, "The Right to Privacy in Nebraska: A Reexamination," 45 Neb.L.Rev. 728 (1966). As the cited article suggests, it is entirely possible that the Supreme Court of Nebraska would reexamine the *Brunson* case if given an opportunity. The fact remains that such a reexamination has not been made, and the plaintiff by filing the present case in the federal court has eliminated the case as a vehicle for a reexamination by the Supreme Court of Nebraska. In the absence of some positive indication by the Supreme Court of Nebraska of disenchantment with the *Brunson* holding, I think I cannot disregard or attempt to vitiate it. As a federal judge, I must take Nebraska's law as I find it.

 The *Brunson* holding is too squarely applicable to the facts of the present case to admit of distinguishability. The unauthorized use of Brunson's name was obviously for commercial purposes, yet the sustaining of a demurrer was upheld. Although the claim was phrased in some respects in terms of a right of privacy, I doubt that a use of terminology of a misappropriation of a property right or a right of publicity would have made a difference in analysis or outcome. The holding stands as a bar to recovery by the plaintiff in the present case on the first claim of the complaint.

I confess that I have sought to find ways to avoid the result I reach. Some opinions arriving at different conclusions such as that of Judge Neville in Uhlaender v. Henricksen, 316 F.Supp.

1277 (U.S.D.C.Minn.1970), are forceful, but were not decided under Nebraska law and therefore cannot be particularly helpful in resolving the problem before me. Professor Perlman's law review article presents good reasons for a revisitation of the *Brunson* decision, but I am not the proper one to do it.

There is no genuine dispute of facts and the defendants are entitled to judgment as a matter of law on the claim titled "First Cause of Action." Accordingly, summary judgment will be entered on that claim.