JIRSA, Appellant v. ICE, et al., Respondents

(217 N.W.2d 465)

(File No. 11296. Opinion filed May 6, 1974)

**Bradley G. Bonynge,** Wessington Springs, **Theodore E. Wolcott,** New York City, for plaintiff and appellant.

**Martens, Goldsmith, May, Porter & Adam,** Pierre, for defendants and respondents.

DOYLE, Justice.

This is a wrongful death action brought by the plaintiff, Ruth Evelyn Jirsa, as special administratrix of the estate of Arnold G. Jirsa, against Cecil G. Ice, doing business as Ice Flying Service (Ice), and National Insurance Underwriters (National).

On July 15, 1963, Ice entered into a written contract with the United States Department of the Interior under the terms of which he was to provide an airplane and pilot to transport government employees to inspect electrical transmission lines. The contract also provided Ice was to provide liability insurance for bodily injury and property damage. Such a liability policy was duly issued by National to Ice in compliance with the terms and conditions of the contract.

On July 22, 1963, Arnold G. Jirsa, a government employee, was a passenger in an aircraft owned by Ice and piloted by Harold Robert Emery, an employee of Ice, while on an

inspection trip of the transmission lines in accordance with the contract. The aircraft crashed, killing both Emery and Jirsa.

The plaintiff served the initial summons and complaint in this action upon the defendants in December 1965. The complaint contained five counts. Count I contained allegations which brought it within the purview of the South Dakota Wrongful Death Statute, SDC 1960 Supp. 37.22, as amended by Ch. 235, S.L.1963;* Count II alleged a cause of action against Ice claiming breach of the contract between Ice and the United States of America, and asked damages for $100,000; Count III alleged a cause of action against Ice and National wherein the plaintiff alleged that National provided Ice with an insurance policy in accordance with the aforesaid contract with the United States Department of the Interior, and the plaintiff, as the widow and representative of the children of the decedent Arnold G. Jirsa, was the beneficiary of said insurance agreement and is entitled to reimbursement under the terms of the insurance policy, and requested judgment against National and Ice for the sum of $100,000. Count IV alleged a cause of action against Ice and National pursuant to the agreement between the United States Department of the Interior and the insurance policy issued by National, and requested judgment against Ice and National for $50,000. Count V was a separate cause of action against Ice for the conscious pain and suffering of the decedent between the time of injury and death, and requested judgment against Ice for the sum of $50,000.

Defendant moved for partial summary judgment as to Counts II, III and IV, and requested that the same be dismissed. The trial court entered a partial summary judgment dismissing these counts and limiting the prayer for judgment in Count I to the sum of $30,000 under Ch. 235, S.L.1963, the South Dakota Wrongful Death Statute, in force on July 22, 1963. The partial summary judgment was by order of the court made a final judgment of the court.

It is conceded by Ice that the plaintiff has alleged a cause of action against him for $30,000 under Count I and under Count V.

---

* Count I in the initial complaint requested $30,000 damages. It was later increased to $500,000 by amendment.

This appeal is based upon the dismissal of Counts II, III and IV and the court's order limiting to $30,000 the maximum to be recovered under the South Dakota Wrongful Death Statute, SDC 1960 Supp. 37.22, as amended by Ch. 235, S.L.1963. The plaintiff states the issues in this appeal to be:

> "1. Do plaintiff and the designated beneficiaries have a common law remedy for wrongful death for the full pecuniary injury sustained by them which may not be limited?

> "2. Do plaintiff and the designated beneficiaries have a direct cause of action against National Insurance Underwriters as a third party beneficiary under the policy written to cover this specific risk?"

We conclude the answer to each question to be negative and affirm the action of the trial court with respect thereto.

The first question propounded by the plaintiff has been before this court in Hoekstra v. Helgeland, 78 S.D. 82, 98 N.W.2d 669, and a comprehensive analysis of the law on recovery for wrongful death was made by Chief Justice Biegelmeier.

In Hoekstra v. Helgeland, supra, this court stated:

> " 'The will of the sovereign power is expressed:

> \* \* \* \* \* \*

> '(4) By the Constitution of this state;

> '(5) By statutes enacted by the Legislature; \* \* \*'

> \* \* \* \* \* \*

> "At common law no civil action could be maintained for damages for the death of a human being brought about by either the wrongful act or negligence of another. Baker v. Bolton, 1 Camp. 493, 170 Eng.Rep. 1033; Rowe v. Richards, 35 S.D. 201, 151 N.W. 1001; Roster v. Inter-State Power Co., 58 S.D. 521, 237 N.W. 738;

Jensen v. Juul, 66 S.D. 1, 278 N.W. 6, 115 A.L.R. 1280. In the Roster v. Inter-State Power Co. case, we said [58 S.D. 521, 237 N.W. 739]: 'Independent of statutory authority there is no cause of action arising from the death of a human being.'

"Because of the harshness of the common-law rule, statutes were enacted to change it. * * * in this state we adopted * * * the wrongful death statute. SDC Supp. 37.22 (as amended, now SDCL 21-5) * * *.

* * * * * *

"* * * our wrongful death statute created a new cause of action on behalf of specified beneficiaries for injury resulting to these beneficiaries from the death of decedent. 'Since the right was unknown to common law, the legislatures which created the right were free to impose restrictions upon it.' * * * If the present limitation * * * prevents a full and complete recovery * * * the legislature can change or abolish such limitation."

We are of the opinion that the plaintiff's contention that a common-law action for wrongful death exists is without merit.

Under the terms of the contract between Ice and the United States Department of the Interior, Ice was required to, and did, provide a policy of liability insurance applicable to all services required to be performed by Ice under the contract. The minimum amounts specified were (a) Bodily injury, other than passenger $100,000 per person, Bodily injury, other than passenger $300,000 per occurrence; (b) Property damage liability $100,000 per accident, per aircraft; (c) Passenger bodily injury liability $50,000 per passenger seat. National provided Ice a policy of insurance in conformance with the contract and the same was in force at the time of Jirsa's death. It is the general

rule, and the rule for many years in this jurisdiction, that evidence that a defendant is insured against liability is inadmissible in personal injury and death actions. Zeigler v. Ryan, 1935, 63 S.D. 607, 262 N.W. 200; Zeller v. Pikovsky, 64 S.D. 544, 268 N.W. 729; Behrens v. Nelson, 1972, 86 S.D. 312, 195 N.W.2d 140. In our opinion the trial court correctly dismissed this action as to the defendant National Insurance Underwriters.

In summary we hold that plaintiff has a cause of action against the defendant Ice under the South Dakota Wrongful Death Statute as limited and defined by Ch. 235, S.L. 1963, and that plaintiff has a cause of action against Ice for the conscious pain and suffering of the deceased before death.

Affirmed.

BIEGELMEIER, C. J., WOLLMAN and DUNN, JJ., and ANDERST, Circuit Judge, concur.

ANDERST, Circuit Judge, sitting for WINANS, J., disqualified.