OLSON, Appellant v. WAITMAN, Respondent

(221 N.W.2d 23)

(File No. 10933. Opinion filed August 29, 1974)

Order denying petition for rehearing October 9, 1974

Bradley G. Bonynge, Wessington Springs, Joseph H. Bottum, III, Salt Lake City, Utah, for plaintiff and appellant.

Donald J. Porter, of Martens, Goldsmith, May, Porter & Adam, Pierre, for defendant and respondent.

JONES, Circuit Judge.

The plaintiff alleges that the defendant negligently injured her, and seeks to recover therefor. From a verdict and judgment for the defendant, plaintiff appeals.

Plaintiff and defendant were co-workers at the cafe in the St. Charles Hotel in Pierre. On the evening of June 24, 1969, they decided to go out for a drink. The defendant picked up the plaintiff at her home about 9 p.m. and they went to the Silver Spur Bar in Fort Pierre. They spent most of the evening there, although they did visit two other bars in Fort Pierre during the course of the evening. During this period, they both consumed alcoholic beverages. The defendant ran into a friend of hers, Reuben Unterseher, during the evening. About 1 a.m., they all decided to call it a night, and decided that the defendant would drive the plaintiff back to her trailer home and then take Mr. Unterseher to his motel in Pierre. All three persons testified that none of them was intoxicated.

The plaintiff lived with her husband and family at the Sleepy Hollow Trailer Court located on the Fort Pierre side of the Missouri River near the abandoned highway bridge. The defendant missed the turnoff to the trailer court, proceeding down a dead-end road. The defendant then attempted to turn her car around in the road. In backing the car around, she got the car crossways with the rear wheels off the hard-surfaced road. It had been raining that night, and the car became struck. The plaintiff and Mr. Unterseher got out of the car in an effort to push it back on the road. Mr. Unterseher stood at the side of the car to push, and the plaintiff went to the rear of the car in the ditch to push. While the parties were trying to push the car onto the road, it suddenly went backwards, pinning the plaintiff underneath. Mr. Unterseher yelled to the defendant that Ruby had fallen under the car, and the defendant shut off the ignition and got out of

the car to investigate. The plaintiff testified that at this point she was pinned under the car but was not injured. After determining that the plaintiff was under the car and could not get out by herself, the defendant got back into the car, started it and attempted to drive it off the plaintiff. The plaintiff yelled that she was burning, and the defendant then shut off the engine. Then she and Mr. Unterseher, after several tries, were able to lift the car enough so the plaintiff could crawl out. The plaintiff was then taken to the hospital. She suffered burns to both arms and across her chest and breasts. There was a deep burn on the right arm above and below the elbow and fairly deep burns on both breasts and beneath the left breast.

In instructing the jury on the claims of the plaintiff, the trial court advised the jury that the plaintiff claimed that the defendant was negligent in driving her automobile against and upon the plaintiff and that the defendant was negligent in attempting to drive the automobile off the plaintiff after she had been trapped beneath said automobile. The trial court then instructed the jury on the issues of negligence, contributory negligence, comparative negligence, and assumption of the risk in substantially the language of the pattern jury instructions.

In instructing the jury, the trial court permitted the jury to consider the defenses of contributory negligence and assumption of risk in relation to all of the defendant's alleged negligent acts, apparently in the view that the successive events were so linked together that they became a continuous whole. Grant v. Matson, 68 S.D. 402, 3 N.W.2d 118.

█ This was error for a fundamental reason: the pleadings and the evidence disclose two separate claims by the plaintiff of negligence on the part of the defendant which raise issues which should have been submitted to the jury separately. First, the pleadings and evidence justify submission to the jury of the issue of whether or not the defendant was negligent in the initial impact of the car with the plaintiff which resulted in the plaintiff being pinned under the car. As to this issue, the defenses of contributory negligence and assumption of the risk are applicable.

▉ The second issue relates to the claimed negligence of the defendant in trying to drive the car off the plaintiff after she had been trapped and pinned under the automobile. We consider this to be a separate claim of negligence which should have been submitted to the jury separately in view of the undisputed evidence that after the plaintiff was pinned under the vehicle, the defendant had shut off the engine and got out of the car to assess the situation. From this point it seems obvious that there could be no further contributory negligence or assumption of the risk on the part of the plaintiff. Regardless of how negligent the plaintiff may have been in getting into this predicament, she did not thereby give the defendant license to thereafter injure her with impunity. The defendant was at this time subject to the duty set forth in 65 C.J.S. Negligence § 63(106), namely, when one person finds another in a helpless position, he has at the very least a legal obligation to refrain from any affirmative negligent action that might result in injury to the helpless person.

▉ Whether the plaintiff was injured as a proximate result of the defendant's initial acts of alleged negligence or the subsequent acts of alleged negligence is likewise an issue which must be submitted to the jury under proper instructions.

Reversed and remanded.

All the Justices concur.

JONES, Circuit Judge, sitting for WINANS, J., disqualified.