Jean JOHNSON, as Surviving Spouse and Next Friend of the Heirs and Next of Kin of Jerry Dennis Johnson, Deceased, Plaintiff,

v.

INTERNATIONAL HARVESTER COMPANY and United Truck and Body Company, Defendants.

Civ. No. A3–79–224.

United States District Court,
D. North Dakota,
Southeastern Division.

April 9, 1980.

James D. Cahill, Cahill, Gunhus, Grinnell, Jeffries & Klinger, Moorhead, Minn., for plaintiff; Harold A. Halgrimson, Fargo, N. D., of counsel.

Harry J. Pearce, Pearce, Anderson, Thames & Durick, Bismarck, N. D., for International Harvester Co.

Mart R. Vogel, Vogel, Brantner, Kelly, Knutson, Weir & Bye, Ltd., Fargo, N. D., for United Truck & Body Co.

### ORDER

BENSON, Chief Judge.

The above entitled diversity action for wrongful death arises from an incident wherein the plaintiff's decedent was killed when the tractor truck and trailer he was driving left the road and rolled over. Plaintiff asserts that this occurrence was due to the conduct of defendants in the modification of the vehicle, and that defendants are liable under theories of negligence and strict products liability. In addition to compensatory damages of over 1.5 million dollars, plaintiff seeks punitive damages of 25 million dollars. At issue now before the court is a motion by defendants pursuant to Fed.R.Civ.P. 12(c), for judgment on the pleadings dismissing plaintiff's claim for punitive damages on the ground that such damages are not recoverable as a matter of law in actions brought under North Dakota's Wrongful Death Act. In response, plaintiff argues that the statute is a remedial statute which should be given a liberal interpretation and further has attempted to plead a common law cause of action for wrongful death. Alternatively, plaintiff contends that to deny the availability of punitive damages in wrongful death actions while allowing such damages in other tort actions violates the equal protection provisions of the United States and North Dakota Constitutions.

### I. ACTIONS UNDER THE WRONGFUL DEATH STATUTE.

In diversity cases the federal court must apply the law of the state where the United States District Court is located. *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Carson v. National Bank of Commerce Trust & Savings*, 356 F.Supp. 811, 813 (D.Neb.1973), aff'd, 501 F.2d 1082 (8th Cir. 1974). Chapter 32–21 N.D.C.C. provides a cause of action for wrongful death. Section 32–21–02 provides:

In an action brought under the provisions of this chapter, the jury shall give such damages as it finds proportionate to the injury resulting from the death to the persons entitled to the recovery.

The issue as to whether this section allows for punitive damages has been considered by the North Dakota Supreme Court and the holding of that court is adverse to the position now being urged on this court by the plaintiff. Punitive damages cannot be recovered under the North Dakota wrong-

ful death statute. *See Hyyti v. Smith*, 67 N.D. 425, 272 N.W. 747, 750 (1937); *Dahl v. North American Creameries*, 61 N.W.2d 916, 922 (N.D.1953); *Johnson v. American Aviation Corporation*, 64 F.R.D. 435, 437 (D.N.D.1974).

## II. COMMON LAW ACTION FOR WRONGFUL DEATH.

■ Plaintiff's attempt to avoid the statutory omission of punitive damages by seeking such damages under a common law remedy for wrongful death is also blocked by a prior holding of the North Dakota Supreme Court. In *Harshman v. Northern Pac. Ry. Co.*, 14 N.D. 69, 103 N.W. 412 at 413 (1905), the court held "whatever right of recovery exists for injuries caused by the negligent killing of another is created by legislative authority *only*." (emphasis added). Therefore, plaintiff cannot claim a common law remedy where none exists in order to avoid limitations imposed by the wrongful death statute. *See Jirsa v. Ice*, 88 S.D. 209, 217 N.W.2d 465, 467 (1974).

*Harshman* has not been overruled, nor has any subsequent case cast doubt upon its continued validity.[1] To the contrary, more recent cases have restated, at least in dictum, the identical ·principle. *See Armstrong v. Miller*, 200 N.W.2d 282, 284 (N.D. 1972); *Dahl v. North American Creameries, supra; Hyyti v. Smith, supra.* Furthermore, *Harshman* appears to be in accord with the law in the surrounding jurisdictions of Iowa, Michigan, Minnesota and Wisconsin. *See Egan v. Naylar*, 208 N.W.2d 915, 917 (Iowa 1973); *Lompre v. Venetjoki*, 63 Mich.App. 265, 234 N.W.2d 664, 666 (1975); *Beck v. Groe*, 245 Minn. 28, 70 N.W.2d 886, 891–92 (1955); *Jirsa v. Ice, supra; Krantz v. Harris*, 40 Wis.2d 709, 162 N.W.2d 628, 630 (1968).

---

1. In addition to the *Harshman* case, there is further support for disallowing a common law action for wrongful death. There is no common law in any case where the law is declared by the code. N.D.C.C. § 1–01–06. *See In re Estate of Jensen*, 162 N.W.2d 861, 878 (N.D. 1968).

2. Section 32–03–07 provides as follows:

If the holding of *Harshman* is to be changed, it must come from the North Dakota Supreme Court or the legislature. Plaintiff cannot recover in North Dakota on either a pecuniary or a punitive damage claim grounded on a common law cause of action in a wrongful death case.

## III. CONSTITUTIONAL ISSUES.

### A. *Federal Constitution.*

Plaintiff argues that the state wrongful death statute violates the equal protection provisions of the United States and North Dakota Constitutions by discriminating against wrongful death claimants in favor of personal injury and property damage plaintiffs, who, pursuant to N.D.C.C. § 32–03–07, are permitted to recover punitive damages.[2]

■ Courts, in testing state laws against the Federal Equal Protection Clause contained in the fourteenth amendment, have generally applied one of three standards of review. When a "fundamental interest," *see e. g., Dunn v. Blumstein*, 405 U.S. 330, 336, 92 S.Ct. 995, 999, 31 L.Ed.2d 274 (1972) (right to vote), or a "suspect classification," *see e. g., Graham v. Richardson*, 403 U.S. 365, 372, 91 S.Ct. 1848, 1852, 29 L.Ed.2d 534 (1971) (alienage), is involved, courts have employed strict scrutiny to determine whether the classification meets a compelling state interest. Statutes which discriminate on the basis of gender, a quasi-suspect classification, must meet an intermediate standard of review, i. e., "serve important governmental objectives and must be substantially related to achievement of those objectives." *Orr v. Orr*, 440 U.S. 268, 279, 99 S.Ct. 1102, 1111, 59 L.Ed.2d 306 (1979). When, however, the challenged statute does not involve a suspect classification or a fundamental right, it is seen as only an eco-

In any action for the breach of an obligation not arising from contract, when the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the court or jury, in addition to the actual damages, may give damages for the sake of example and by way of punishing the defendant.

nomic regulation and the standard of review is a minimal rational basis standard, i. e., is it "rationally related to furthering a legitimate state interest." *Massachusetts Board of Retirement v. Murgia*, 427 U.S. 307, 312, 96 S.Ct. 2562, 2566, 49 L.Ed.2d 520 (1976). *See Duke Power Co. v. Carolina Env. Study Gp.*, 438 U.S. 59, 83–84, 98 S.Ct. 2620, 2636, 57 L.Ed.2d 595 (1978) (statute imposing limit on tort liability for nuclear accidents judged on rational basis standard).

This minimum standard of review has been described as follows:

> The constitutional safeguard is offended only if the classification rests on grounds wholly irrelevant to the achievement of the State's objective. State legislatures are presumed to have acted within their constitutional power despite the fact that, in practice, their laws result in some inequality. *A statutory discrimination will not be set aside if any state of facts may be conceived to justify it.*

*McGowan v. Maryland*, 366 U.S. 420, 425–26, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961) (Emphasis added). *See also Parham v. Hughes*, 441 U.S. 347, 350, 99 S.Ct. 1742, 1745, 60 L.Ed.2d 269, 274 (1979).

Plaintiff urges the court to apply the strict scrutiny standard of review in this case. She argues that under the fourteenth amendment there is a fundamental right to life and when punitive damages are unavailable in wrongful death actions, it encourages tortfeasors to take life. This argument has little weight. There is a fundamental right to life but "the purpose of the [wrongful death] statute is to provide compensation for the injury resulting to heirs at law of the deceased from the death." *Satterberg v. Minneapolis, St. P. & S. S. M. Ry. Co.*, 19 N.D. 38, 121 N.W. 70 at 71 (1909).

The criminal justice system exists to deter the taking of life and provides a much greater deterrent than a punitive damage award to heirs of a decedent against a guilty party, which award under most circumstances involving homicide would likely be difficult to collect. Furthermore, it appears there is not even a fundamental right to a statutory entitlement to sue for wrongful death. See *Parham v. Hughes*, 441 U.S. at 358 n.12, 99 S.Ct. at 1749 n.12, 60 L.Ed. at 279 n.12. It follows that there is no fundamental right to recover punitive damages and the applicable standard of review in the case before the court is the rational basis standard.

The rational basis standard was applied in *Cyr v. B. Offen & Co., Inc.*, 501 F.2d 1145 (1st Cir. 1974), wherein plaintiffs raised an equal protection challenge to the limitation of damages that could be recovered in a wrongful death action under New Hampshire law. The court in addressing the issue, stated as follows:

> But it is clear that the legislature has, in granting a right to recover which did not exist at common law, made a rational distinction between damages that go to the injured party himself and damages that go to his estate. Not only is the plaintiff a different party but there is another ground for legitimate distinction, the element of damages. . . . "[D]amages for injuries . . . are restricted within definite limits established by the common law . . . Recovery for injuries causing death, for the benefit of survivors, however, suggests more speculative elements of damage . . . ."

501 F.2d at 1148–49 n.2.

New Hampshire, like North Dakota, has provided a statutory remedy for damages arising out of wrongful death and the rationale of *Cyr* is applicable here. Heirs at law of a person who has died as a result of wrongful injuries are treated differently than the injured person would have been treated had that person recovered from his or her injuries. The heirs may recover damages proportionate to their pecuniary loss arising out of the death of another. Had the injured person survived, that person could recover his or her pecuniary loss and in addition punitive damages if the tortfeasor had been guilty of oppression, fraud or malice.

■ The function of the equal protection clause is to measure the validity of classifications created by state laws. *Parham v. Hughes, supra,* 441 U.S. at 358, 99 S.Ct. at 1749, 60 L.Ed.2d at 279. Here we have two state laws. The one which provides for punitive damages in addition to pecuniary damages encompasses a remedy which arises under the common law. The other, which is the wrongful death statute, provides a remedy that did not exist under the common law. A legislative purpose to fill this omission and provide such a remedy can hardly be deemed invalid or irrational. The court will not speculate beyond that suggested in *Cyr* on the legislative purpose in not including punitive damages in the recovery permitted under the wrongful death statute except to note that it cannot say the varying treatment under the two statutes " . . . is so unrelated to the achievement of any combination of legislative purposes that . . . [the court] . . . can only conclude that the legislature's actions were irrational." *Parham v. Hughes,* 441 U.S. at 352, 99 S.Ct. at 1746, 60 L.Ed.2d at 275. *See also Huff v. White Motor Corp.,* 609 F.2d 286, 298 (7th Cir. 1979).

Plaintiff relies on *In re Paris Air Crash of March 3, 1974,* 427 F.Supp. 701 (C.D.Cal. 1977), now on appeal before the Ninth Circuit Court of Appeals, wherein the court found that denying punitive damages in wrongful death actions violated the equal protection provisions of the United States and California Constitutions. Although the court at one point in the opinion stated the rational basis standard was to be used, *id.* at 707, it appears to have actually applied the intermediate standard of review recently employed in gender based discrimination cases, *id.* at 708; *see also,* 54 N.D.L.Rev. 104 (1977), and placed the burden on defendants to show the rationality of the statute. This is a questionable application of the rational basis standard. "In an equal protection case of this type, . . . those challenging the legislative judgment must convince the court that the legislative facts on which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker." *Vance*

*v. Bradley,* 440 U.S. 93, 111, 99 S.Ct. 939, 950, 59 L.Ed.2d 171 (1979).

"In the absence of invidious discrimination, . . . a court is not free under the aegis of the Equal Protection Clause to substitute its judgment for the will of the people of a State as expressed in the laws passed by their popularly elected legislatures." *Parham v. Hughes,* 441 U.S. at 351, 99 S.Ct. at 1745, 60 L.Ed.2d at 275. " 'The Constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the political process and that judicial intervention is generally unwarranted no matter how unwisely . . . [the court] . . . think[s] a political branch has acted.' " *Id., quoting Vance v. Bradley, supra.*

■ Chapter 21 N.D.C.C. which provides a wrongful death remedy for heirs of a decedent but does not provide for punitive damages does not violate the equal protection clause of the Federal Constitution.

## B. *State Constitution.*

Section 11 of the North Dakota Constitution provides "[a]ll laws of a general nature shall have a uniform operation." Section 20 states in part, " . . . nor shall any citizen or class of citizens be granted privileges or immunities which upon the same terms shall not be granted to all citizens." Plaintiff alleges these provisions of the state constitution are violated by omission of punitive damages from the remedy provided in wrongful death actions.

The North Dakota Supreme Court has recognized the three standards of review in determining whether a statute is valid under the state constitution. *See e. g., Snyder's Drug St., Inc. v. North Dakota St. Bd. of Ph.,* 219 N.W.2d 140 (N.D.1974) (applying rational basis standard); *Johnson v. Hasset,* 217 N.W.2d 771 (N.D.1974) (employing intermediate standard); *State ex rel. Olson v. Maxwell,* 259 N.W.2d 621 (N.D.1977) (applying strict scrutiny).

■ It is clear, however, that although essentially the same three standards are

employed under the Federal Constitution and the state constitution, they may be employed under different circumstances so that a state statute may meet federal standards but fail under a state constitutional analysis. In *Johnson v. Hasset, supra,* the North Dakota Supreme Court held the state guest statute violated the state constitution, but noted that it would probably comply with the federal minimum rational basis standard which would be applicable to such economic regulation. *Id.* at 780.

█ It is equally clear that the North Dakota Supreme Court will not always apply a higher standard of scrutiny under the state constitution than that which would be appropriate under the federal equal protection provisions. In *Synder's Drug St., Inc. v. North Dakota St. Bd. of Ph.,* 219 N.W.2d 140 (N.D.1974), the court applied the federal minimum rational basis standard to uphold the state statute and cited a California decision in support of the proposition that sections 11 and 20 of the state constitution are substantially the equivalent of the federal equal protection provisions. *Id.* at 150. In noting that it had in *Hasset, supra,* applied a higher standard of review under the state constitution than under the Federal Constitution, the court in *Snyder's Drug* said that in this case, dealing with regulation of a profession, there was, ". . . no compelling reason to do so." *Id..*

The North Dakota Unsatisfied Judgment Act limits recovery to Five Thousand Dollars in those cases where the tortfeasor cannot be ascertained, and allows a Ten Thousand Dollar recovery in other cases. In *Tharaldson v. Unsatisfied Judgment Fund,* 225 N.W.2d 39 (N.D.1974), the act was subjected to a federal equal protection challenge. The North Dakota Supreme Court found no suspect class and no fundamental right. It applied the "traditional" rational basis standard used in *Snyder's*

*Drug, supra,* in upholding the statute. 225 N.W.2d at 47. In *Herman v. Magnuson,* 277 N.W.2d 445 (N.D.1979), the North Dakota Supreme Court dealt with a challenge to a notice provision, N.D.C.C. Chapter 40–42, which required a claim to be filed prior to commencement of a suit against a municipality.[3] The court applied the *Hasset* intermediate standard of scrutiny and noting that it had applied a different standard in *Tharaldson* commented on its decision as follows:

> The issue herein is more closely related to that in *Johnson v. Hasset, supra,* than to the issue in either *Tharaldson* or *State ex rel. Olson v. Maxwell, supra.* In *Tharaldson,* the plaintiff, who could not identify the tortfeasor, would have no recourse except for the action of the Legislature. *Because the Legislature created the plaintiff's right of action, it could constitutionally impose reasonable limits on the right to bring that action.* Following the rationale of *Kitto,*[4] however, Herman's right of action was not created by the Legislature but rather has been limited by the legislature pursuant to Chapter 40–42, N.D.C.C. . . .

277 N.W.2d at 451 (emphasis added).

█ It would appear the standard of review used in *Tharaldson* is more applicable to the wrongful death punitive damage issue than the standard used in *Hasset.* In *Hasset* the court had before it a statute that placed a limit on a person's common law right to sue a tortfeasor. In *Tharaldson,* the North Dakota Supreme Court had before it the same issues now before this court, a statute which placed a limit on a remedy created by the legislature. It seems clear that the *Tharaldson* rational basis standard, which is akin to the federal rational basis standard, is the standard which the North Dakota Supreme Court

---

**3.** Although it was challenged on federal equal protection grounds, the court also made reference to section 11 of the state constitution. 277 N.W.2d at 450 n. 15. Therefore the analysis employed there is relevant to the state constitutional challenge presently before the court.

**4.** In *Kitto v. Minot Park District,* 224 N.W.2d 795 (N.D.1974), the court abolished sovereign immunity for local governments, including municipalities.

would apply in the case now before the court.[5]

 In the application of the appropriate standard, the court holds that the provision in the North Dakota wrongful death statute which limits recovery to pecuniary loss and excludes the right to recover. punitive damages is relevant to the achievement of the State's objective and does not violate the North Dakota Constitution.

IT IS ORDERED that defendants' motion for judgment on the pleadings dismissing plaintiff's claim for punitive damages is granted, and judgment will be entered dismissing plaintiff's punitive damage claim.

---

**5.** The decision in *Arneson v. Olson*, 270 N.W.2d 125 (N.D.1978), wherein the court struck down a monetary limit on medical malpractice tort liability, is consistent with this result. The court saw the issue similar to that in *Hasset* where a statute limited recovery in tort which was inapplicable to other tort victims, and applied the intermediate standard of review. However, the court noted that the legislature was attempting to modify *pre-existing* law, and this may have led to the application of the intermediate standard. *Id.* at 134.

In *Benson v. N. D. Workmen's Comp. Bureau*, 283 N.W.2d 96 (N.D.1979), the North Dakota Supreme Court applied the intermediate standard but was concerned with the complete exclusion of a legislatively created remedy for personal injury to one class of employee. Such is not the situation before this court.